OPINION *Page 2 
{¶ 1} Petitioner, Mack Garrett, filed a Petition for Writ of Habeas Corpus requesting this Court order his release due to the allegation the trial court failed to make a finding of guilt.
 {¶ 2} Petitioner was initially indicted on one count of Possession of Cocaine, a felony of the fourth degree, one count of Possession of Cocaine, a felony of the fifth degree, one count of Aggravated Possession of Drugs, a felony of the fifth degree, and one count of Driving Under Suspension, a misdemeanor of the first degree. These charges stemmed from conduct on or about the 23rd day of July, 2006. A supplemental indictment followed with the Petitioner being indicted on one count of Possession of Cocaine, a felony of the third degree, one count of Tampering with Evidence, a felony of the third degree, one count of Open Container, and one count of Turn and Stop Signal violations, both minor misdemeanors. These charges arose on August 10, 2006.
 {¶ 3} On January 2, 2007, Petitioner pled guilty to three of the cocaine charges, the tampering with evidence count, and one count of aggravated possession of drugs. The remainder of the counts were dismissed. A pre-sentence investigation was ordered. Upon its completion, a sentencing hearing was held on February 2, 2007. The court sentenced Petitioner to a total term of four years in prison. Petitioner never filed an appeal from the trial court's sentencing entry.
 {¶ 4} Petitioner filed a motion to withdraw his guilty plea which was denied on March 6, 2007. Petitioner did attempt to appeal this ruling. The Ninth District issued an order finding the denial of Petitioner's motion to withdraw his guilty plea was not a final *Page 3 
appealable order due to the fact the trial court failed to include a finding of guilt as required under Crim.R. 32(C).
 {¶ 5} On May 10, 2007, Petitioner filed a "Motion Requesting Revised Journal Entry." In response, on July 6, 2007, the trial court issued a Nunc Pro Tunc order containing the finding of guilt.
 {¶ 6} "Although courts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth, `nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided.'"State v. Zaleksi, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 19, citing Mayer v. Henson, 97 Ohio St.3d 276, 2002-Ohio-6323,779 N.E.2d 223, ¶ 14, quoting State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 164, 656 N.E.2d 1288.
 {¶ 7} While the initial sentencing entry failed to contain a finding of guilt, the trial court has corrected its omission by adding the language, "the Court finds the Defendant guilty of the above offense(s)." It is clear from the sentence imposed that the trial court did in fact find the Petitioner guilty. Had it not made this finding, it would not have sentenced the Petitioner to prison.
 {¶ 8} "A writ of habeas corpus is warranted in certain extraordinary circumstances `where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law."Johnson v. Timmeman-Cooper (2001), 93 Ohio St.3d 614, 616,757 N.E.2d 1153, quoting, Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99,666 N.E.2d 1091. Habeas corpus relief is not available where there is an *Page 4 
adequate remedy at law. State ex rel. Fryerson v. late (1999),84 Ohio St.3d 481, 485, 705 N.E.2d 353.
 {¶ 9} Habeas corpus may not be used as a substitute for appeal or post-conviction relief. If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition for a writ of habeas corpus will be denied. See generally, Heddleston v. Mack, 84 Ohio St.3d 213,1998-Ohio-320, 702 N.E.2d 1198.
 {¶ 10} The Petitioner was free to pursue an appeal from the trial court's sentencing entry but chose not to file an appeal. Petitioner essentially is asking this Court to do what should have been done on direct appeal.
 {¶ 11} Petitioner suggests he is being held without having been found guilty; however, we find the trial court did find Petitioner guilty in its entry of July 6, 2007. Petitioner had an adequate remedy at law by virtue of a direct appeal to the Ninth District Court of Appeals which he failed to utilize. As noted above, where an adequate remedy at law exists, a writ will not issue.
 {¶ 12} Petitioner's Petition for Writ of Habeas Corpus is denied.
By: Wise, J. Hoffman, P. J. and Delaney, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Petitioner's Writ of Habeas Corpus is hereby denied. Costs taxed to Petitioner. *Page 1