DUNN *v.* SMITH.

[Cite as *Dunn v. Smith,* 119 Ohio St.3d 364, 2008-Ohio-4565.]

(No. 2008-0425—Submitted May 6, 2008—Decided September 17, 2008.)

---

**Per Curiam.**

{¶ 1} This is an original action for a writ of habeas corpus to compel the immediate release of an inmate from prison. Because habeas corpus is not a proper action to raise a claimed violation of Crim.R. 32(C), we deny the writ.

### Criminal Case

{¶ 2} In *State v. Dunn,* Delaware C.P. No. 07CR-I-04-0188, petitioner, Andrew Dunn, entered a guilty plea to two counts of receiving stolen property and two counts of identity fraud. In October 2007, the common pleas court accepted Dunn's plea, journalized an entry in which it found him guilty of the charged offenses, and scheduled a sentencing hearing.

{¶ 3} The common pleas court issued an entry that noted that Dunn had been convicted of the charged offenses and that the court was sentencing him to an aggregate prison term of 18 months. The sentencing entry did not note Dunn's guilty plea, which had been accepted in the court's previous entry.

## Habeas Corpus Case

{¶ 4} Over four months later, Dunn filed this action for a writ of habeas corpus to compel respondent, North Central Correctional Institution Warden Clifford Smith, to immediately release him from prison because he had never been adjudicated guilty of the charged crimes in accordance with Crim.R. 32(C). We allowed the writ and ordered a return. 117 Ohio St.3d 1438, 2008-Ohio-1279, 883 N.E.2d 456.

{¶ 5} This cause is now before the court upon the petition, return, and response to the return.

## Analysis

{¶ 6} Dunn claims that he is entitled to the writ because his sentencing entry violated Crim.R. 32(C), which rendered his sentencing entry a nonfinal, nonappealable order.

{¶ 7} In *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, we held that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus. We also held that multiple documents could not constitute the required final, appealable order. Id. at ¶ 15. Therefore, because Dunn's sentencing entry did not contain the guilty plea, the jury verdict, or the court finding upon which the convictions were based, Dunn is correct that it did not constitute a final, appealable order.

{¶ 8} Nevertheless, Dunn has an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry. *Garrett v. Wilson*, Richland App. No. 07–CA–60, 2007-Ohio-4853, 2007 WL 2729847, ¶ 7.

{¶ 9} If the trial court refuses upon request to issue a revised sentencing entry, Dunn can compel the court to act through an action for a writ of mandamus or a writ of procedendo. *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 327, 691 N.E.2d 275; *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 401–402, 16 OBR 469, 476 N.E.2d 683; see also *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 527, 709 N.E.2d 1148.

{¶ 10} Finally, Dunn cites no case holding that a trial court's failure to comply with Crim.R. 32(C) entitles an inmate to immediate release from prison; instead,

the appropriate remedy is correcting the journal entry. *Garrett*, 2007-Ohio-4853, 2007 WL 2729847; cf. *Scanlon v. Brunsman*, 112 Ohio St.3d 151, 2006-Ohio-6522, 858 N.E.2d 411, ¶ 4 ("habeas corpus is proper in the criminal context only if the petitioner is entitled to immediate release from prison or some other physical confinement").

{¶ 11} Based on the foregoing, Dunn is not entitled to release from prison. Therefore, we deny the writ.

Writ denied.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Andrew Dunn, pro se.

Nancy Hardin Rogers, Attorney General, and Jerri Fosnaught, Assistant Attorney General, for respondent.