[Cite as *State v. Gibson*, 2010-Ohio-5632.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 09CA16 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| ROBERT GIBSON, | : | |
| | : | **Released 11/4/10** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Carol Ann Curren, Greenfield, Ohio, for appellant.

James B. Grandey, HIGHLAND COUNTY PROSECUTOR, and Anneka P. Collins, HIGHLAND COUNTY ASSISTANT PROSECUTOR, for appellee.

_____

Harsha, J.[1]

{¶1}    Robert Gibson appeals his conviction for one count of having weapons while under disability.  Gibson contends that 1.) he did not knowingly, voluntarily or intelligently enter a guilty plea to the charge; 2.) the trial court abused its discretion when it refused to grant a continuance; and 3.) trial counsel rendered ineffective assistance.  However, because the trial court's sentencing entry does not contain the guilty plea, the jury verdict, or the finding of the court upon which the convictions were based, it does not constitute a final, appealable order.  Thus, we lack jurisdiction to consider this appeal and must dismiss it.

I.  Facts

{¶2}    The Highland County Grand Jury indicted Gibson on one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), and one count of having

_____

[1] This case was reassigned to Judge Harsha on August 24, 2010.

weapons while under disability, in violation of R.C. 2923.13(A)(3), both third degree felonies.  Gibson was ultimately sentenced on the weapons charge, and the remaining count of the indictment was "nolled and dismissed."  After sentencing, Gibson filed this appeal.

## II.  Assignments of Error

**{¶3}**   Gibson assigns the following errors for our review:

Appellant did not knowingly, intelligently, and voluntarily enter a plea of guilty as a result of ineffective assistance of counsel in being unprepared to go to trial in violation of criminal rule 11(c) and his federal constitutional rights.

The trial court abused its discretion to the detriment of the defendant when it refused to grant a continuance when informed that defense counsel had not had time to prepare for trial.

The defendant was deprived of his Sixth Amendment rights by ineffective assistance of counsel.

## III.  Final, Appealable Order

**{¶4}**   Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A); R.C. 2953.02.  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11.  If the parties do not raise the jurisdictional issue, we must raise it sua sponte.  *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, at *2*.

**{¶5}**   "[I]n order to decide whether an order issued by a trial court in a criminal

proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶6, quoting *State v. Muncie*, 91 Ohio St.3d 440, 444, 2001-Ohio-93, 746 N.E.2d 1092.  Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"  "Undoubtedly, a judgment of conviction qualifies as an order that 'affects a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant."  *Baker* at ¶9.

{¶6}    "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."  *Baker* at syllabus, explaining Crim.R. 32(C).  Furthermore, allowing multiple documents to create a final appealable order is generally improper, and all required information must be present in a single document.[2]  Id. at ¶17.  Cf. *State v. Ketterer*, Slip Opinion No. 2010-Ohio-3831, at ¶17 (holding that "[c]apital cases, in which an R.C. 2929.03(F) sentencing opinion is necessary, are clear exceptions to Baker's 'one document' rule").

{¶7}    Here, the court's sentencing entry does not contain "the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based."  The court simply stated that Gibson "has been found guilty and convicted of: Having Weapons While Under Disability."  The court made no reference to the basis for his conviction.  Thus, the court's entry is not a final, appealable order.

---

[2] Thus, we cannot simply review the record to determine the factual basis for Gibson's conviction for the crime of having weapons while under disability.

**{¶8}**    Accordingly, we dismiss this appeal for lack of a final, appealable order. However, we note that Gibson "has an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry." *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, at ¶8.

APPEAL DISMISSED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Judge


**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**