[Cite as *State v. Torrey*, 2010-Ohio-6460.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :        Case No.  10CA3165
                                        :
    Plaintiff-Appellee,             :
                                        :        DECISION AND
    v.                              :        JUDGMENT ENTRY
                                        :
TIMOTHY M. TORREY,                      :
                                        :        **Released 12/28/10**
    Defendant-Appellant.            :
_____
APPEARANCES:

Timothy Young, OHIO PUBLIC DEFENDER, and Jessica S. McDonald, ASSISTANT OHIO PUBLIC DEFENDER, Chillicothe, Ohio, for appellant.

Toni L. Eddy, Chillicothe Law Director, and Michele R. Rout, Chillicothe Assistant Law Director, Chillicothe, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Timothy Torrey appeals his conviction for one count of operating a vehicle with marihuana metabolite in his urine.  Torrey contends that the trial court erred when it denied his motion to suppress his urine specimen and that the State violated his constitutional right to a speedy trial.  However, because the trial court's sentencing entry does not contain the guilty plea, the jury verdict, or the finding of the court upon which the conviction was based, it does not constitute a final, appealable order.  Thus, we lack jurisdiction to consider this appeal and must dismiss it.

I.  Facts

{¶2}    Trooper Mizer of the Ohio State Highway Patrol initially issued Torrey a citation charging him with (1) operating a vehicle under the influence of alcohol, a drug

of abuse, or a combination of them, in violation of R.C. 4511.19(A)(1)(a); and (2) failure to yield the right of way at a stop sign, in violation of R.C. 4511.43(A).  Later, Mizer issued Torrey an additional citation, based on the same incident, charging him with operating a vehicle with marihuana metabolite in his urine, in violation of R.C. 4511.19(A)(1)(j)(viii)(II).  The State subsequently dismissed the original two charges and the court sentenced Torrey on the marihuana metabolite charge.  This appeal followed.

## II.  Assignments of Error

**{¶3}**  Torrey assigns the following errors for our review:

I.      THE COURT BELOW ERRED IN RULING THAT THE STATE OF OHIO COMPLIED WITH THE DEPARTMENT OF HEALTH REGULATIONS, SPECIFICALLY O.A.C. 371-53-05(F), IN THE HANDLING OF THE DEFENDANT-APPELLANT'S URINE.

II.     THE COURT BELOW ERRED IN RULING THAT THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL WERE NOT VIOLATED BY PROSECUTORIAL DELAY.

## III.  No Final, Appealable Order

**{¶4}**  Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A); R.C. 2953.02.  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11.  If the parties do not raise the jurisdictional issue, we must raise it sua sponte.  *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, at *2.

{¶5} "[I]n order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶6, quoting *State v. Muncie*, 91 Ohio St.3d 440, 444, 2001-Ohio-93, 746 N.E.2d 1092. Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" "Undoubtedly, a judgment of conviction qualifies as an order that 'affects a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant." *Baker* at ¶9.

{¶6} "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Baker* at syllabus, explaining Crim.R. 32(C). However, allowing multiple documents to create a final appealable order is generally improper, and all required information must be present in a single document. Id. at ¶17. Cf. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶17 (holding that "[c]apital cases, in which an R.C. 2929.03(F) sentencing opinion is necessary, are clear exceptions to *Baker*'s 'one document' rule"). Thus, we cannot simply review the record to determine the factual basis for Torrey's conviction for operating a vehicle with marihuana metabolite in his urine.[1]

{¶7} Here, the court's sentencing entry does not contain "the guilty plea, the

---

[1] Although we have reviewed the entire record and located a change of plea journal entry that indicates Torrey pleaded "no contest," the Supreme Court of Ohio's pronouncement of the one document rule in *Baker*, supra precludes our consideration of that entry in determining whether a final appealable order exists.

jury verdict, or the finding of the court upon which the conviction is based." The court simply stated that Torrey had "been found guilty on the * * * charge." The court made no reference to the basis for his conviction. Thus, the court's entry is not a final, appealable order.

{¶8}    Accordingly, we dismiss this appeal for lack of a final, appealable order. However, we note that Torrey "has an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry." *Dunn v. Smith*, 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, at ¶8.[2]

APPEAL DISMISSED.

---

[2] Upon the trial court's journalization of a final appealable order, the appellant may submit this appeal for our immediate review upon the existing briefs and record by indicating so in the new notice of appeal.

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**