[Cite as *State v. Wright*, 2011-Ohio-779.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 10CA903 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| AMBER R. WRIGHT, | : | |
| | : | **RELEASED 02/11/11** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, OHIO STATE PUBLIC DEFENDER, and Craig M. Jaquith, OHIO STATE ASSISTANT PUBLIC DEFENDER, Columbus, Ohio, for appellant.

Aaron Haslam, ADAMS COUNTY PROSECUTOR, and Kris D. Blanton, ADAMS COUNTY ASSISTANT PROSECUTOR, West Union, Ohio, for appellee.

_____

Harsha, P.J.

{¶1}    Amber Wright appeals her sentence for one count of receiving stolen property.  She contends that the trial court erred when it imposed court costs in the sentencing entry but not during the sentencing hearing, depriving her of an opportunity to claim indigency and seek a waiver of those costs.  However, because the trial court's sentencing entry does not contain the guilty plea, the jury verdict, or the finding of the court upon which the conviction was based, it does not constitute a final, appealable order.  Thus, we lack jurisdiction to consider this appeal and must dismiss it.

I.  Facts

{¶2}    In May 2010, Wright was charged via complaint with one count of receiving stolen property, in violation of R.C. 2913.51(A), a first-degree misdemeanor.

The trial court sentenced Wright to 90 days in jail, with 80 days suspended, and ordered her to pay $251.00 in court costs.  This appeal followed.

## II.  Assignment of Error

**{¶3}**    Wright assigns one error for our review:

The trial court erred when it failed to address the imposition of court costs in open court, but included such costs in the sentencing entry.  (Sept. 13, 2010, Judgment Entry; Sent. Tr. 1-2).

## III.  No Final, Appealable Order

**{¶4}**    Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Section 3(B)(2), Article IV, Ohio Constitution; see, also, R.C. 2505.03(A); R.C. 2953.02.  If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal.  *Eddie v. Saunders*, Gallia App. No. 07CA7, 2008-Ohio-4755, at ¶11.  If the parties do not raise the jurisdictional issue, we must raise it sua sponte.  *Sexton v. Conley* (Aug. 7, 2000), Scioto App. No. 99CA2655, 2000 WL 1137463, at *2.

**{¶5}**    "[I]n order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of 'final order' contained in R.C. 2505.02."  *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, at ¶6, quoting *State v. Muncie*, 91 Ohio St.3d 440, 444, 2001-Ohio-93, 746 N.E.2d 1092.  Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]"  "Undoubtedly, a judgment of conviction qualifies as an order that 'affects

a substantial right' and 'determines the action and prevents a judgment' in favor of the defendant." *Baker* at ¶9.

{¶6}    "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Baker* at syllabus, explaining Crim.R. 32(C). Allowing multiple documents to create this final appealable order is generally improper, and all required information must be present in a single document.  Id. at ¶17.  But cf. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶17 (holding that "[c]apital cases, in which an R.C. 2929.03(F) sentencing opinion is necessary, are clear exceptions to *Baker*'s 'one document' rule").  Thus, we cannot simply review the record to determine the factual basis for Wright's conviction for receiving stolen property.[1]

{¶7}    Here, the court's sentencing entry does not contain "the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based."  The court simply states that Wright "was found guilty of the offense[.]"  The court made no reference to the manner of conviction, i.e. "a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial."  *Baker* at ¶14.  Thus, the court's entry is not a final, appealable order.

{¶8}    Accordingly, we dismiss this appeal for lack of a final, appealable order. However, we note that Wright "has an adequate remedy at law by way of a motion in

---

[1] Although the record does contain a judgment entry that indicates the trial court found Wright guilty based on a bench trial, the Supreme Court of Ohio's pronouncement of the one document rule in *Baker* precludes our consideration of that entry in determining whether a final, appealable order exists.

the trial court requesting a revised sentencing entry." *Dunn v. Smith*, 119 Ohio St.3d

364, 2008-Ohio-4565, 894 N.E.2d 312, at ¶8.  Upon the trial court's journalization of a

final appealable order, Wright may submit this appeal for our immediate review upon the

existing briefs and record by indicating so in the new notice of appeal.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J., & Kline, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
     William H. Harsha, Presiding Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**