[Cite as *State v. Daniels*, **2011-Ohio-1744.**]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :       Case No.   10CA3345

    vs.                              :

JON DANIELS,                            :       DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.             :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Richard M. Nash, Jr., 602 Chillicothe Street, Ste. 700,
                            Portsmouth, Ohio 45662

COUNSEL FOR APPELLEE:       Mark E. Kuhn, Scioto County Prosecuting Attorney, and
                            Pat Apel, Scioto County Assistant Prosecuting Attorney,
                            602 Seventh Street, Portsmouth, Ohio 45662

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-31-11

ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment of

conviction and sentence.   A jury found Jon Daniels, defendant below and appellant herein, guilty

of (1) assault upon a peace officer in violation of R.C. 2903.13(A)&(C)(3); and (2) obstructing

official business in violation of R.C. 2921.31(A)&(B).

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN DENYING APPELLANT'S
MOTION FOR MISTRIAL."
SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED WHEN IT ENTERED
JUDGMENT AGAINST THE APPELLANT WHEN THE
EVIDENCE WAS INSUFFICIENT TO SUSTAIN A
CONVICTION AND THE CONVICTION WAS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE SENTENCE
IT IMPOSED WAS BASED ON FACTORS WHICH WERE UNDISCLOSED,
AND ON ALLEGATIONS WHICH WERE NEITHER CHARGED NOR
TRIED."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN IMPOSING A SENTENCE CONTRARY TO
LAW."

{¶ 3} On August 19, 2009, the Scioto County Grand Jury returned an indictment that charged appellant with the aforementioned offenses. Appellant pled not guilty and the matter came on for trial over several days in January 2010. After hearing the evidence, the jury returned guilty verdicts and the trial court sentenced appellant to, inter alia, serve five years community control and thirty days in the Scioto County Jail. This appeal followed.

{¶ 4} Before we can review the merits of appellant's four assignments of error, we must first address a threshold jurisdictional problem. Appellate courts have jurisdiction to review the final orders of inferior courts within their districts. See Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. A final order, for purposes of a criminal case, is one that sets forth "the plea, the verdict, or findings . . ." See Crim. R. 32(C). If an order is not final and appealable, then an appellate court does not have jurisdiction to review the matter and the case

must be dismissed.   See General Acc. Ins. Co. v. Ins. Co. of N. America (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266. Moreover, in the event the parties do not raise the jurisdictional issue, appellate courts must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus; Whitaker-Merrell v. Geupel Constr. Co. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

{¶ 5}   In the case sub judice, we observe that the February 24, 2010 sentencing entry makes no mention of the jury verdicts.   Rather, the entry states that "the defendant has been convicted of Count 1 . . . and Count 2[.]"   Unfortunately, this does not satisfy the Crim.R. 32(C) requirements.   Generally, a trial court must make reference to the manner of conviction, in this case a jury verdict.   See, e.g., State v. Wright, Adams No. 10CA903, 2011-Ohio-779, at ¶7; State v. Gibson, Highland App. No. 09CA16, 2010-Ohio-5632, at ¶7.

{¶ 6}   The Ohio Supreme Court has held that a "judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth [inter alia] the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based." (Emphasis added.) State ex rel. Rose v. McGinty, ___ Ohio St.3d ___, ___N.E.2d ___, 2011-Ohio-761, at ¶2; State v. Baker, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330, at the syllabus.   Although the entry in the case sub judice did provide that appellant was convicted of these offenses, it did not set out the means by which he was convicted (again, by jury verdict).   Therefore, the trial court's entry does not satisfy the Crim.R. 32(C) requirements.

{¶ 7}   For these reasons, the judgment entry appealed herein is neither final nor appealable, and we have no jurisdiction to review the case.   Accordingly, we hereby dismiss this appeal.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Kline, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.