[Cite as *State v. McArtor*, 2011-Ohio-3813.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

        Plaintiff-Appellee

-vs-

LARRY E. McARTOR

        Defendant-Appellant

JUDGES:
:   Hon. W. Scott Gwin, P.J.
:   Hon. John W. Wise, J.
:   Hon. Julie A. Edwards, J.
:
:
:   Case No. 11 CA 9
:
:
:   O P I N I O N

| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case Nos. 02-CR-289 and 02-CR-300 |
| --- | --- |
| JUDGMENT: | Dismissed |

DATE OF JUDGMENT ENTRY:          July 29, 2011


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

KENNETH W. OSWALT                      ROBERT C. BANNERMAN
PROSECUTING ATTORNEY               Post Office Box 77466
TRACY F. VANWINKLE                       Columbus, Ohio  43207-0098
20 South 2nd Street, 4th Floor
Newark, Ohio  43055

*Wise, J.*

{¶1}     Defendant-Appellant Larry E. McArtor appeals the January 6, 2011, decision of the Licking County Court of Common Pleas.

{¶2}     Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3}     On November 21, 2002, a jury found Appellant Larry E. McArtor guilty on three counts of gross sexual imposition in violation of R.C. §2907.05 and one count of rape in violation of R.C. §2907.02. The jury also found Appellant had purposely compelled the victim to submit by force or threat of force.

{¶4}     Appellant was sentenced to one year in prison on each of the gross sexual imposition counts, to be served consecutively, and to life in prison on the rape charge, to which the gross sexual imposition charges were to run concurrent. Appellant was also adjudicated a Sexually Oriented Offender.

{¶5}     On December 16, 2009, the State filed a motion to resentence because the original sentencing entry failed to include a mandatory imposition of post-release control.

{¶6} At the re-sentencing hearing held on January 5, 2010, the trial court again imposed a sentence of one year on each of the gross sexual imposition counts, to be served consecutively, and to life in prison on the rape charge, to which the gross sexual imposition charges were to run concurrent. At that time, Appellant was also advised that upon his release he would be re-classified as a Tier One offender.

{¶7} Appellant appealed his re-sentencing, arguing that his sexual offender classification under the tier system was unconstitutional pursuant to *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424. This Court reversed the trial court's re-classification and remanded the matter for further proceedings.

{¶8} On January 5, 2011, the trial court held another re-sentencing hearing wherein it advised Appellant that he would be classified as a sexually oriented offender as previously found by the trial court at the original 2002 sentencing.

{¶9} Appellant now appeals, raising the following sole assignment of error:

<u>ASSIGNMENT OF ERROR</u>

{¶10} "I. APPELLANT'S SENTENCING ENTRY IS NOT A FINAL APPEALABLE ORDER."

I.

{¶11} In Appellant's sole assignment of error, Appellant argues that the trial court's sentencing entry does not contain all of the necessary elements to constitute a final appealable order. We agree.

{¶12} In the trial court's January 6, 2011, sentencing entry, the trial court stated, inter alia:

**{¶13}** "The Court adopts the previous change of plea and sentencing judgment entry entered January 5, 2010, and further finds the defendant to be a sexually oriented offender."

**{¶14}** In *State v. Baker,* 119 Ohio St.3d 200, 2008-Ohio-3330, the *Baker* court at syllabus held the following:

**{¶15}** "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R.32(C), explained.)"

**{¶16}** The *Baker* court at ¶ 17 further held, "Only one document can constitute a final appealable order."

**{¶17}** In light of the Supreme Court of Ohio's decision in Baker, supra, we find that the trial court's January 6, 2011, Judgment Entry does not comport with the one document rule. Therefore, it is not a final appealable order and this Court lacks jurisdiction to entertain the appeal. See, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2953.02.

**{¶18}** However, we note that Appellant "has an adequate remedy at law by way of a motion in the trial court requesting a revised sentencing entry." *Dunn v. Smith,* 119 Ohio St.3d 364, 2008-Ohio-4565, 894 N.E.2d 312, at ¶ 8.

**{¶19}** Pursuant to *Baker,* the appeal is dismissed.

By: Wise, J.,

Gwin, P.J., and

Edwards, J., concur

_____

_____

_____
JUDGES

JWW/d 0720

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
            Plaintiff-Appellant        :
                                       :
                                       :
                                       :
-vs-                                   :        JUDGMENT ENTRY
                                       :
LARRY E. MCARTOR                       :
                                       :
                                       :
            Defendant-Appellee         :        CASE NO. 11 CA 9


For the reasons stated in our accompanying Memorandum-Opinion, the appeal from the judgment entry of reclassification entered in the Court of Common Pleas, Licking County, Ohio, is dismissed.

Costs to Appellant and Appellee equally.


_____


_____


_____

                                JUDGES