[Cite as *State v. Locke*, 2011-Ohio-5596.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, : Case No. 11CA3409

    vs. :

WILLIAM J. LOCKE, : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant. :

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Samuel H. Shamansky, 511 South High Street, Columbus, Ohio 43215

COUNSEL FOR APPELLEE: Michael L. Jones, Portsmouth City Solicitor, and Jerry L. Buckler, Assistant Portsmouth City Solicitor, 728 Second Street, Portsmouth, Ohio 45662

_____

CRIMINAL APPEAL FROM MUNICIPAL COURT
DATE JOURNALIZED: 10-17-11

ABELE, J.

{¶ 1} This is an appeal from a Portsmouth Municipal Court judgment of conviction and sentence. William J. Locke, defendant below and appellant herein, pled no contest to a charge of operating a motor vehicle while under the influence of a drug of abuse (OMVI) in violation of R.C. 4511.19(A)(1)(a). Appellant assigns the following error for review:

> "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S
> NO CONTEST PLEA AS THE COURT FAILED TO CONDUCT
> APPELLANT'S TRIAL WITHIN THE STATUTORY TIME OF
> SPEEDY TRIAL AS SET FORTH IN R.C. 2945.71."

{¶ 2}   On the afternoon of July 19, 2010, appellant was driving on State Route 139, when he lost control of his vehicle and collided with another vehicle.   At the scene, Trooper M.K. Ervin determined that appellant's vehicle caused the collision.   After speaking to appellant, Trooper Ervin observed "his speech [was] slow and slurred," that his "eyes were glossy and his look was like a deer in the headlights."   After appellant failed several physical coordination tests, Trooper Ervin arrested appellant and transported him to the Portsmouth Highway Patrol Post.   En route, appellant admitted to Trooper Ervin that he took "Oxycodone prior to the crash" and Xanax afterward.   After he arrived at the station, appellant refused to take a urine test.

{¶ 3}   Subsequently, Trooper Ervin issued appellant a Uniform Traffic Ticket that charged him with the aforementioned charge, as well as the failure to control his vehicle in violation of R.C. 4511.202.   Initially, appellant pled not guilty, but later pled no contest.   The trial court sentenced him to serve fifteen days in jail, suspended twelve days, and ordered that he pay a fine.   This appeal followed.

{¶ 4}   Before we can address appellant's assignment of error on its merits, we must first address a threshold jurisdictional issue.   Ohio appellate courts have appellate jurisdiction over final appealable orders.   Section 3(B)(2), Article IV of the Ohio Constitution.   If a judgment is not a final order, then an appellate court has no jurisdiction to consider it and the appeal must be dismissed.   See Davison v. Reni (1996), 115 Ohio App.3d 688, 692, 686 N.E.2d 278; Prod. Credit Assn. v. Hedges (1993), 87 Ohio Ap.3d 207, 210, 87 Ohio App.3d 207, 621 N.E.2d 1360; Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501, 617 N.E.2d 701.   Furthermore, even if

the parties do not raise the jurisdictional issue on appeal, an appellate court must raise them sua sponte.   See In re Murray (1990), 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, at fn. 2; Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186, 280 N.E.2d 922.

{¶ 5}   In the case sub judice, the jurisdictional issue is that one of the two charges set out on the Uniform Traffic Ticket apparently remains pending.   As we mentioned previously, the citation charged both OMVI and the failure to control his vehicle.   The judgment, however, only disposed of the OMVI charge.   Thus, the failure to control charge is still technically pending.

{¶ 6}   This Court recently stated that in order for a judgment to constitute a final appealable order in a traffic case, it must, inter alia, determine the action.   State v. Torrey, Ross App. No. 10CA3165, 2010-Ohio-6460, at ¶5 citing R.C. 2505.02(B)(1).   We observe that Case 10TRC5452 in the Portsmouth Municipal Court charged two violations, but only one violation was disposed of in the judgment appealed herein.   When a judgment does not dispose of all citations charged in a traffic citation, no final appealable order exists.   See e.g. State v. Smith, Licking App. No. 2007CA150, 2009-Ohio-175, at ¶37; State v. Stevens, (Feb. 23, 2000), Hocking App. No. 99CA19.   Consequently, because the record in the case sub judice does not indicate that the failure to control citation has been resolved, no final appealable order exists and we have no jurisdiction to review this case.   Accordingly, we hereby dismiss the appeal.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.