[Cite as *State v. Ransburgh*, 2012-Ohio-767.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA19 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| RANDAL L. RANSBURGH, | : | |
| | : | **RELEASED: 02/14/12** |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Jason Sarver, Lancaster, Ohio, for appellant.

Laina Fetherolf, Hocking County Prosecutor, and Jonah M. Saving, Hocking County Assistant Prosecutor, Logan, Ohio, for appellee.
_____

Harsha, J.

{¶1}    Following a bench trial, Randal Ransburgh was convicted of operating a vehicle under the influence of alcohol and/or a drug of abuse ("OVI"), driving under suspension ("DUS"), and failure to control.  Ransburgh raises a number of issues on appeal, but because the trial court failed to sentence him for failure to control, part of the case remains pending and there is no final, appealable order.  Accordingly, we must dismiss the appeal because we lack jurisdiction to consider it.

I.  Facts

{¶2}    On July 27, 2009, Sergeant Kevin Groves of the Hocking County Sheriff's Office charged Ransburgh by traffic citation with OVI, DUS, failure to control and hit skip.  The trial court implicitly consolidated the case with a related disorderly conduct charge against Ransburgh.  After a bench trial, the court found Ransburgh guilty of OVI, DUS, and failure to control.  The court dismissed the charges for hit skip and disorderly

conduct. The court sentenced him for OVI and DUS but not failure to control. This appeal followed.

## II. Assignments of Error

{¶3} Ransburgh assigns four errors for our review:

I. THE LOWER COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION, OVER THE OBJECTION BY DEFENDANT, BY ADMITTING STATEMENTS OF A WITNESS INTO EVIDENCE UNDER EVID.R. 803(2) AS AN EXCITED UTTERANCE, WHEN IT HAD PREVIOUSLY HELD THAT THE WITNESS WAS INCOMPETENT UNDER CIV.R. 601(B).

II. THE CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED UPON INSUFFICIENT EVIDENCE.

III. THE LOWER COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION, OVER THE OBJECTION BY DEFENDANT, BY PROCEEDING WITH THE ARRAIGNMENT AND THE CASE WITHOUT THE COURT FIRST ADDRESSING THE ISSUE OF THE COURT'S JURISDICTION IN THE MATTER.

IV. THE LOWER COURT COMMITTED REVERSIBLE ERROR BY PROCURING A TIME WAIVER FROM THE APPELLANT THROUGH THE USE OF THREATS, THEREBY RENDERING THE TIME WAIVER INVOLUNTARY.

## III. No Final, Appealable Order

{¶4} Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Ohio Constitution, Article IV, Section 3(B)(2). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11. If the parties do not raise the jurisdictional issue, we

must raise it sua sponte.  *State v. Locke*, 4th Dist. No. 11CA3409, 2011-Ohio-5596, ¶ 4.

{¶5}    The trial court found Ransburgh guilty of OVI, DUS, and failure to control and dismissed the remaining charges.  The court imposed sentences for OVI and DUS but not failure to control.  "When a judgment does not dispose of all citations charged in a traffic citation, no final appealable order exists."  *Id.* at ¶ 6.  Because the trial court has not resolved the failure to control citation, no final appealable order exists and we do not have jurisdiction to review the case.  *Id.*  Accordingly, we dismiss the appeal.  When the trial court sentences Ransburgh for failure to control, the court should file an entry officially consolidating this case with the disorderly conduct case to facilitate any future appeal.  Moreover, the trial court should create one entry as the final judgment of conviction that sets forth the fact of conviction and sentence for all the charges the court found Ransburgh guilty of (OVI, DUS, and failure to control), the judge's signature, and the time stamp indicating the entry upon the journal by the clerk.  *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. All pending motions are denied.

APPEAL DISMISSED.

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**