[Cite as *State v. Carr*, 2012-Ohio-5151.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA3312 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| DAVID L. CARR, | : | |
| | : | **RELEASED 10/31/12** |
| | | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Lori J. Rankin, Chillicothe, Ohio, for appellant.

Matthew S. Schmidt, Ross County Prosecutor, and Richard W. Clagg, Ross County Assistant Prosecutor, Chillicothe, Ohio, for appellee.

_____

Harsha, J.

{¶1}   Following a no contest plea, David Carr appeals his conviction for insurance fraud.  He contends that the trial court violated his statutory right to a speedy trial.  However, because one of the charges brought against him remains unresolved, no final appealable order exists.  Therefore, we lack jurisdiction to consider this appeal and must dismiss it.

I.  Facts

{¶2}   On April 9, 2010, in case number 10 CR 117, a Ross County grand jury indicted Carr on one count of failure to provide notice of a change of address of residence, one count of insurance fraud, and one count of theft.  On March 25, 2011, the grand jury indicted Carr on one count of failure to provide notice of a change of address of residence in case number 11 CR 220.  At a hearing, the State informed the

court that the indictment in 11 CR 220 was intended as a substitute for the failure to notify count in 10 CR 117. The parties orally agreed to conduct the trial on the failure to notify charge under case number 11 CR 220. However, the court never issued an entry dismissing the failure to notify charge in 10 CR 117. Subsequently, Carr agreed to plead no contest to the insurance fraud charge in exchange for the dismissal of the theft charge. After the court found him guilty of insurance fraud and sentenced him, Carr filed this appeal of 10 CR 117.

## II. Assignment of Error

{¶3} Carr assigns one error for our review: "THE DEFENDANT-APPELLANT WAS DENIED HIS STATUTORY RIGHT TO A SPEEDY TRIAL."

## III. No Final, Appealable Order Exists

{¶4} Before we address the merits of the appeal, we must decide whether we have jurisdiction to do so. Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Ohio Constitution, Article IV, Section 3(B)(2). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. No. 07CA7, 2008-Ohio-4755, ¶ 11. If the parties do not raise the jurisdictional issue, we must raise it sua sponte. *State v. Locke*, 4th Dist. No. 11 CA3409, 2011-Ohio-5596, ¶ 4.

{¶5} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."

*State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, explaining Crim.R. 32(C). "The Supreme Court of Ohio has also determined that when a criminal case against a defendant initially consists of more than one charge, it is not necessary that the judgment of conviction includes the disposition of charges that were terminated and do not form the basis of the conviction." *State v. Marcum*, 4th Dist. Nos. 11CA8 & 11CA10, 2012-Ohio-572, ¶ 6, citing *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3. However, a court speaks through its journal entries, not its oral pronouncements. *Id.* Because the trial court never issued an entry to dismiss the charge for failure to provide notice of a change of residential address, it technically remains unresolved. *See id.* This "hanging charge" prevents the January 24, 2012 Judgment Entry of Sentence from being a final order under R.C. 2505.02(B)(1) because it does not determine the action, i.e., resolve the case. *See id.* Had a separate journal entry indicated that the prosecution had actually dismissed Carr's failure to provide notice charge in 10 CR 117, the sentencing entry in this case would be a final appealable order. *Id.* However, as the record now stands, we lack jurisdiction to address Carr's appeal and dismiss it.

                                                            APPEAL DISMISSED.

Kline, J., dissenting.

{¶6}    I respectfully dissent for the same reasons I dissented in *State v. Marcum*, 4th Dist. Nos. 11CA8 & 11CA10, 2012-Ohio-572, and *State v. Grube*, 4th Dist. No. 10CA16, 2012-Ohio-2180.  Again, I believe that a sentencing entry is final and appealable "[s]o long as the record reveals that all of a defendant's counts have been resolved[.]"  *State v. McClanahan*, 9th Dist. No. 25284, 2010-Ohio-5825, ¶ 7.  And here, the transcript of the May 23, 2011 hearing clearly shows that the trial court resolved the failure-to-provide-notice count in 10 CR 117.

{¶7}    Accordingly, I respectfully dissent, and I would address the merits of Carr's appeal.

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J.:  Concurs in Judgment and Opinion.
Kline, J.:  Dissents with Opinion.

For the Court

BY: _____
       William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**