[Cite as *State v. Blanton*, 2012-Ohio-6082.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA26 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| RONALD E. BLANTON, | : | |
| | : | **RELEASED 12/05/12** |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

George L. Davis, IV, George L. Davis, III Co., L.L.C., Portsmouth, Ohio, for appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Robert C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

_____

Harsha, J.

{¶1}   Ronald Blanton appeals his sentences for tampering with evidence and theft in office.  Initially, he argues that the trial court erred by ordering him to pay the costs of prosecution without advising him at sentencing that he may be required to perform community service if he fails to pay these costs.  Because the trial court never addressed the issue of court costs at sentencing or the possibility of community service, but ordered Blanton to pay the costs of prosecution in its judgment entry, his sentence is clearly and convincingly contrary to law.  Therefore, we reverse this portion of his sentence.

{¶2}   Blanton also contends that the sentence for his felony theft in office conviction is clearly and convincingly contrary to law because the trial court sentenced him to community control sanctions without first considering a presentence investigation

report.  Because R.C. 2951.03(A)(1) requires a court to consider a presentence investigation report before imposing community control sanctions in a felony case and there is no mention of a presentence investigation report in the record or judgment entry, this portion of his sentence is also clearly and convincingly contrary to law.

{¶3}    Finally, Blanton argues that the trial court abused its discretion by sentencing him to three years imprisonment for his tampering with evidence conviction because similar defendants were not sentenced to imprisonment for similar convictions. However, as Blanton's trial attorney acknowledged at sentencing, his case differed from those cases and thus, we cannot say the court's sentence was inconsistent or that it abused its discretion.  Accordingly, we affirm his sentence for tampering with evidence.

## I. FACTS

{¶4}    Ronald Blanton, a former police officer, was charged with tampering with evidence, a third-degree felony, and theft in office, a fifth-degree felony.  The state alleged that Blanton and another police officer stopped a woman for speeding.  Blanton allowed her to pay her ticket in cash on the side of the road and then he and the other officer kept the money.  She contacted the police department because Blanton refused to give her a receipt or copy of the citation.  After he learned there was an investigation into the incident, Blanton replaced the money he took.

{¶5}    Blanton pleaded "no contest" with a stipulation that the state had produced sufficient facts to establish guilt on both charges.  The trial court sentenced Blanton to three years incarceration for his tampering with evidence conviction and four years of community control for his theft in office conviction.  This appeal followed.

## II. ASSIGNMENT OF ERROR

**{¶6}** Blanton raises one assignment of error for our review:

**{¶7}** 1. "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING SENTENCE."

### III. LAW AND ANALYSIS

**{¶8}** "[A]ppellate courts must apply a two-step approach when reviewing felony sentences. First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

### A. Clearly and Convincing Contrary to Law

### 1. Court Costs

**{¶9}** In all criminal cases the trial court must consider R.C. 2929.11 and 2929.12 when imposing its sentence. *Kalish* at ¶13. In addition, the sentencing court must also be guided by statutes that are specific to the case itself. *Id.*

**{¶10}** Blanton first argues that his sentence is clearly and convincingly contrary to law because the trial court ordered him to pay the costs of prosecution without advising him at sentencing that he may be required to perform community service if he fails to pay these costs.

**{¶11}** R.C. 2947.23(A)(1)(a) requires trial courts to inform defendants that if they fail to pay court costs, they may be ordered to perform community service. Although many courts have struggled with whether this issue is ripe for appellate review before

the defendant fails to pay courts costs and has been ordered to perform community service, the Supreme Court of Ohio in *State v. Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, has declared it to be a proper subject of appellate review.

{¶12} Our review of the record shows that the trial court informed Blanton it would not be imposing any fines as part of his sentence. However, it never addressed the issue of court costs at sentencing. Nonetheless, in its judgment entry the trial court ordered that Blanton "pay all the costs of this prosecution for which execution is hereby awarded." Therefore, we agree the portion of Blanton's sentence ordering him to pay the costs of prosecution is clearly and convincingly contrary to law.

2. Presentence Investigation Report

{¶13} Next Blanton argues that his sentence is clearly and convincingly contrary to law because the trial court did not consider a presentence investigation report before sentencing him to four years of community control for this theft in office conviction, a fifth-degree felony.

{¶14} R.C. 2951.03(A)(1) states that "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court." Likewise, Crim.R. 32.2 states that "[i]n felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation."

{¶15} We can find no mention of a presentence investigation report in the record nor is there any indication that the trial court ever ordered one. The report was never discussed at sentencing and likewise, in its judgment entry the court states only that it

"considered evidence presented on behalf of Defendant and statements of counsel * * *." R.C. 2953.08(F)(1) requires a presentence investigation report to be included in the record on appeal if submitted to the court before sentencing. Because there is no record that the court considered a presentence investigation before sentencing Blanton to community control for his felony conviction, this portion of his sentence is also clearly and convincingly contrary to law. The remaining issues raised by Blanton concerning his theft in office sentence and community control are accordingly rendered moot and we need not address them. *See* App.R. 12(A)(1)(c).

### 3. Tampering With Evidence

**{¶16}** Regarding his tampering with evidence conviction, Blanton argues that his three year sentence is clearly and convincingly contrary to law and the trial court abused its discretion because similar defendants were sentenced to lesser sentences for the same crime.

**{¶17}** Blanton was convicted of tampering with evidence, in violation of R.C. 2921.12(A)(2), a third-degree felony. Under R.C. 2929.14(A)(3)(b) Blanton's prison term "shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Although Blanton was sentenced to the maximum term, it is clearly within the prescribed statutory limits. Furthermore, the judgment entry from which Blanton appeals confirms that the trial court "weighed the principles of sentencing in O.R.C.2929.11, the serious and recidivism factors in O.R.C. 2929.12 * * *[.]" Thus, Blanton's sentence for tampering with evidence is not clearly and convincingly contrary to law.

### B. Abuse of Discretion

**{¶18}** Next, we must then consider whether the trial court abused its discretion by sentencing Blanton to three years incarceration.  An abuse of discretion is more than just an error in law or judgment. *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 19.  Rather, we must find that the court's attitude was unreasonable, arbitrary or unconscionable. *Id.*

**{¶19}**  R.C. 2929.11(B) states that "[a] sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes committed by similar offenders." "'The goal of sentencing guidelines is consistency, not uniformity.'" *State v. Bailey*, 4th Dist. No. 11CA7, 2011-Ohio-6526, ¶ 38, quoting *State v. Ward*, 4th Dist. No. 07CA9, 2008-Ohio-2222, ¶ 16.  "'Imposing consistent sentences requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. * * * Under this meaning of consistency, two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment.'" *Bailey* at ¶ 38, quoting *Ward* at ¶ 16.  "'In fact, there is not even a requirement that co-defendants receive equal sentences.'" *Bailey* at ¶ 38, quoting *Ward* at ¶ 17.

**{¶20}** We have held that "'[a]n offender cannot demonstrate inconsistency merely by supplying a list of cases where other defendants in other cases received prison sentences that differed from his.'" *Bailey* at ¶ 39, quoting *Ward* at ¶ 16.  "'Each defendant is different and nothing prohibits a trial court from imposing two different sentences upon individuals convicted of similar crimes.'" *Bailey* at ¶ 39, quoting *State v. Aguirre*, 4th Dist. No. 03CA5, 2003-Ohio-4909, ¶ 50.  We bear in mind that "'[e]ach case

is necessarily, by its nature, different from every other case-just as every person is, by nature, not the same.'" *Bailey* at ¶ 39, quoting *Ward* at ¶ 16.

**{¶21}** Here, although Blanton acknowledges that "a defendant must do more than show lesser sentences for similar offenses to show inconsistency in sentencing," the only argument he puts forth is that the trial court "turned a blind eye to at least six similar matters * * * in which disgraced police officers were not incarcerated whatsoever, much less for a maximum term of imprisonment." He points to nothing that indicates the trial court failed to properly apply the sentencing factors and guidelines contained in R.C. 2929.11 and R.C. 2929.12. Instead, he merely indicates that the trial court did not comment on these similar cases or attempt to differentiate them from his case. However, at sentencing Blanton's counsel acknowledged that "this case is a little different from some of these other cases I've brought in with me today because this was face to face, that the money was taken directly from the person." And the court states in its journal entry that it has "considered evidence presented on behalf of Defendant and the statements of counsel * * *." Therefore, we cannot conclude that the court's attitude was unreasonable, arbitrary or unconscionable. Accordingly, the trial court did not abuse its discretion by sentencing Blanton to three years incarceration for his tampering with evidence conviction.

**{¶22}** Blanton also points out that although he was indicted and only pleaded no contest to one count of tampering with evidence, at the sentencing hearing the court stated: "In this case there are two counts on the charge of tampering with evidence a felony of the third degree * * *." However, our review of the record shows that when pronouncing Blanton's sentence it only addressed one count. Likewise, in its judgment

entry the court only identifies one count of tampering with evidence. "And because a court speaks through its journal entry and not its oral pronouncements," this misstatement alone does not amount to an abuse of discretion. *State v. Marcum*, 4th Dist. Nos. 11CA8 & 11CA10, 2012-Ohio-572, ¶ 6.

## IV. CONCLUSION

{¶23} In summary, we uphold Blanton's sentence for his tampering with evidence conviction. The trial court's imposition of court costs and Blanton's sentence for his theft in office conviction are clearly and convincingly contrary to law. Accordingly, we reverse these portions of his sentence and remand for resentencing.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. & Kline, J.:  Concurs in Judgment and Opinion.

For the Court

BY: _____
     William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**