[Cite as *State v. Martin*, 2013-Ohio-1324.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA10 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| PHILIP A. MARTIN, | : | |
| | : | **RELEASED 03/19/13** |
| | | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Lisa A. Julius, Columbus, Ohio for appellant.

James E. Schneider, Washington County Prosecutor and Alison L. Cauthorn, Washington County Assistant Prosecutor, Marietta, Ohio, for appellee.

_____

Harsha, J.

{¶1}    Philip Martin appeals his 36 month sentence for failure to comply with an order of a police officer and argues that the trial court erred by imposing the maximum sentence.  Among other reasons, Martin contends that the trial court abused its discretion by considering an element of his offense to determine whether his crime was more serious than the norm for sentencing purposes.  The only "seriousness factor" recited by the trial court in its sentencing entry was that he caused serious physical harm to property and there was a potential for serious physical harm to persons. Because these same findings are necessary in order to elevate Martin's crime to a third degree felony, the court improperly considered an element of his offense to conclude his crime was more serious than the norm for sentencing.  Therefore, we agree the court considered an improper sentencing factor and abused its discretion.

## I. FACTS

{¶2}    Philip Martin led officers on a high speed chase and ended up crashing his vehicle into the front porch of a house.  On the night in question, the Morgan County Sheriff's Office informed the State Highway Patrol that a vehicle had fled from its jurisdiction.  It described the car and gave its license plate number.  Shortly thereafter, Trooper Gossett encountered the vehicle and activated his lights and siren.  When the driver of the vehicle did not stop, Trooper Gossett pursued the car.  During the chase, the driver reached speeds exceeding 100 miles per hour while traveling in a 45 mile per hour zone.   As they approached downtown Marietta, the driver attempted to turn left, but lost control of the car and crashed into the front porch of a house.  The driver left the car and fled on foot.  The officers began a search of the neighborhood and found Philip Martin hiding in a nearby yard.  Both the vehicle and house were damaged as a result of the collision.

{¶3}    Martin was charged with failure to comply with an order or signal of a police officer, a third degree felony, in violation of R.C. 2921.331(B)&(C)(1)&(5)(a)(i)(ii). He pleaded guilty and received the maximum sentence of 36 months imprisonment.  He now appeals his sentence.

## II. ASSIGNMENTS OF ERROR

{¶4}    Martin raises three assignments of error for our review:

{¶5}    1. "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT, PHILIP A. MARTIN, TO THE MAXIMUM TERM OF IMPRISONMENT FOR A VIOLATION OF R.C. § 2921.331 FAILURE TO COMPLY WITHOUT CONSIDERING AVAILABLE ALTERNATIVES OR MITIGATING EVIDENCE."

{¶6}    2. "THE TRIAL COURT ABUSED ITS DISCRETION BY INCREASING MR. MARTIN'S SENTENCE BASED ON FACTORS INTRINSIC TO THE UNDERLYING CRIME OF FELONY VIOLATION OF FAILURE TO COMPLY PROXIMATE CAUSE OF SERIOUS PHYSICAL HARM TO PERSONS OR

PROPERTY, R.C. § 2921.331(C)(5)(a)(i) AND RISK OF SERIOUS HARM TO PERSONS OR PROPERTY, R.C. § 2921.331(C)(5)(a)(ii)."

{¶7}    3. "THE TRIAL COURT ERRED IN CONSIDERING MR. MARTIN'S UNCHARGED AND UNPROVED CONDUCT TO THE PREJUDICE OF MR. MARTIN."

### III. LAW AND ANALYSIS

{¶8}    Martin appeals his 36 month sentence and argues that the trial court abused its discretion by sentencing him to the maximum term for several reasons. Because it is dispositive of his appeal, we address Martin's second assignment of error initially.

{¶9}    "[A]ppellate courts must apply a two-step approach when reviewing felony sentences.  First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

### A. Clearly and Convincingly Contrary to Law

{¶10}  When imposing its sentence, the trial court must consider R.C. 2929.11 and 2929.12; it must also be guided by statutes that are specific to the case itself. *Id.* at ¶ 13.  Because Martin does not argue that his sentence is clearly and convincingly contrary to law, we need not discuss this step any further than to say we see no obvious violation of this requirement.

### B. Abuse of Discretion

{¶11}  Martin argues that the trial court abused its discretion by considering an element of the offense to find that his crime was more serious for sentencing purposes.

{¶12}   "'A trial court may not elevate the seriousness of an offense by pointing to a fact that is also an element of the offense itself.'" *State v. Sims*, 4th Dist. No. 10CA17, 2012-Ohio-238, ¶ 16, quoting *State v. Davis*, 4th Dist. No. 09CA28, 2010-Ohio-555, ¶ 24.   "'Even though [a trial court] has discretion in choosing an appropriate sentence, when a court considers an improper sentencing factor, it has committed an abuse of discretion.'" *Sims* at ¶ 16, quoting *Davis* at ¶ 25.   An abuse of discretion is more than an error judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 19.

{¶13}   Martin relies on our decision in *Sims* to support his argument that the trial court erred when it considered his property damage and potential risk of physical harm to find that his crime was more serious than the norm.   In *Sims*, we held that because the use of a deadly weapon is an element of every aggravated robbery conviction, the trial court could not simply rely upon the fact that the defendant used a knife while committing the crime in order to determine the offense was more serious than the norm for the purpose of sentencing. *Sims* at ¶ 19.   We reached this conclusion because the trial court did not explain how the defendant's use of the knife involved something more than an element of the offense.   *See id.* at ¶¶ 16-18. Accordingly, it was an abuse of discretion for the court to consider it.   *Id.*

{¶14}   Here, Martin pleaded guilty to failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B)&(C)(1)&(5)(a)(i)(ii), which states:

> (B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
>
> (C)(1) Whoever violates this section is guilty of failure to comply with an order or signal of a police officer.

* * *

(5)(a) A violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt:

(i) The operation of the motor vehicle by the offender was a proximate cause of serious physical harm to persons or property.

(ii) The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.

{¶15} Martin points out that the court's sentencing entry states that "[t]he Court FINDS that the following factor is present that makes this crime more serious than norm: the Defendant caused serious physical harm to property, and there was a potential for serious physical harm to persons." This was the only factor the court identified in its judgment entry that made the crime more serious than the norm. And because Martin was charged with violating both subsections (C)(5)(a)(i) and (C)(5)(a)(ii), and he pled guilty as charged, it is apparent that serious physical harm to property and a substantial risk of serious physical harm to persons are both elements of the charged offense. Therefore, the record shows that the trial court used an element of Martin's offense when considering factors that made his crime more serious for sentencing. *State v. Marcum*, 4th Dist. Nos. 11CA8 & 11CA10, 2012-Ohio-572, ¶ 6.

{¶16} Accordingly, the court abused its discretion by using an improper sentencing factor and we sustain Martin's second assignment of error. However, our decision should not be construed to require the trial court to impose a lighter sentence on remand. The trial court may determine that, taken together, the pertinent sentencing factors still warrant a 36 month sentence. Our decision simply mandates that, in determining Martin's sentence, the trial court may not rely upon an improper factor.

Moreover, in determining the seriousness of the offense in this instance, the court must apply the factors mandated in R.C. 2921.331(C)(5)(b) which it failed to do initially, and should carry its findings over to its judgment entry.[1]

## V. CONCLUSION

**{¶17}** In conclusion, we agree that the trial court abused its discretion by considering an element of Martin's offense to determine that his crime was more serious for the purpose of sentencing.  Accordingly, we reverse the trial court's judgment and remand for resentencing.   As a result, Martin's remaining assignments of error are moot and we need not address them.  *See* App.R. 12(A)(1)(c).

JUDGMENT REVERSED
AND CAUSE REMANDED.

---

[1] Because the court speaks through its journal entry, mere mention of various factors at the sentencing hearing is not sufficient.  *See State v. Blanton*, 4th Dist. No. 11CA26, 2012-Ohio-6082, ¶ 22.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**