[Cite as *State v. Marcum*, 2012-Ohio-572.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA8 |
| | : | 11CA10 |
| Plaintiff-Appellee, | : | |
| | : | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| PATRICIA MARCUM, | : | |
| | : | |
| and | : | **RELEASED 01/30/12** |
| | : | |
| JAMES MARCUM | : | |
| | : | |
| Defendants-Appellants. | : | |

_____

APPEARANCES:

Kyle C. Henderson, Logan, Ohio, for appellants.

Laina Fetherolf, Hocking County Prosecutor, and Jonah M. Saving, Hocking County Assistant Prosecutor, Logan, Ohio, for appellee.

_____

Harsha, J.

{¶1}    James Marcum and his wife, Patricia Marcum, appeal their misdemeanor sentences for one count each of obstructing official business and misuse of 911.  They contend that the trial court abused its discretion when it imposed a no contact order between them as a condition of their community control.  However, because there are no entries that resolve all the charges brought against James Marcum, there is no final appealable order in his case.  Consequently, we lack jurisdiction to consider his appeal and must dismiss it.

{¶2}    The sentencing entry in Patricia Marcum's case, however, is a final appealable order because it does address the resolution of all charges pending against her in this case. Therefore we address the merits of her appeal.  Because the no

contact order with Ms. Marcum's husband is not reasonably related to community control's statutory goals of rehabilitation and ensuring good behavior, the trial court abused its discretion by ordering it as a condition of her community control. Thus, we reverse the trial court's judgment in Ms. Marcum's case.

## I. FACTS

{¶3}    Mr. and Ms. Marcum were both charged with one count each of obstructing official business, in violation of R.C. 2921.31, misuse of 911, in violation of R.C. 4931.49(D) and (E) and disorderly conduct, in violation of R.C. 2917.11. Subsequently, both Mr. and Ms. Marcum pleaded guilty to the charges of obstructing official business and misuse of 911. As part of Mr. Marcum's sentence, the court imposed one year of community control and ordered him to have no contact with his wife for that period, except for "tax and domestic relation purposes." Ms. Marcum also received two years of community control as part of her sentence, and the trial court ordered that she have no contact with her husband, except for "tax and legal issues including divorce," for the duration of her sentence. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶4}    Mr. and Ms. Marcum present the same assignment of error:

{¶5}    "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED, AS A CONDITION OF PROBATION OR COMMUNITY-CONTROL SANCTION, AN ORDER REQUIRING THAT DEFENDANT-APPELLANT HAVE NO CONTACT WITH [HIS OR HER SPOUSE] FOR * * * DURATION OF [HIS OR HER] PROBATION IN VIOLATION OF [HIS OR HER] FUNDAMENTAL CONSTITUTIONAL RIGHTS."

### III. FINAL APPEALABLE ORDER

{¶6}    As a threshold matter, we must first discuss our jurisdiction to hear the appellants' case.  The Ohio Constitution limits an appellate court's jurisdiction to the review of "final orders" of lower courts. Section 3(B)(2), Article IV, Ohio Constitution.  Appellate courts must sua sponte dismiss an appeal that is not from a final appealable order. *Fagan v. Boggs*, 4th Dist. No. 08CA45, 2009-Ohio-6601, at ¶ 8.  To be reviewable as a final order under R.C. 2505.02 a judgment of conviction must satisfy the substantive provision of Crim.R. 32(C) and include: 1) the fact of conviction; 2) the sentence; 3) the judge's signature; and 4) the time stamp indicating the entry upon the journal by the clerk.  *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.  The Supreme Court of Ohio has also determined that when a criminal case against a defendant initially consists of more than one charge, it is not necessary that the judgment of conviction includes the dispositions of charges that were terminated and do not form the basis of the conviction.  See, *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, at ¶ 3.  However, unless the charges that are not the basis of the conviction have been properly terminated by a journal entry, they remain technically unresolved.  This "hanging charge" prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e. resolve the case.  See, generally, Painter and Pollis, Ohio Appellate Practice (2011-2012 Ed.), §2.9.  And because a court speaks through its journal entry and not its oral pronouncements, see *Reynolds v. Nibert*, 4th Dist. No. 01CA2771, 2002-Ohio-6133, at ¶ 13, the trial court's equivocal statement of "it appears that the disorderly conduct as a minor misdemeanor will be dismissed" cannot

be viewed as disposing of that charge in a manner that complies with R.C. 2505.02 and Crim.R. 32(C). As the disorderly conduct charge technically remains pending, there is no final appealable order of conviction in Mr. Marcum's case. Had a separate journal entry indicated that the prosecution had actually dismissed Mr. Marcum's charge of disorderly conduct, the sentencing entry in his case would be a final appealable order. See *State v. Smead*, Summit App. No. 24903, 2010-Ohio-4462, at ¶ 10. However, as the record now stands, we lack jurisdiction to address his appeal and we must dismiss it.

{¶7} Conversely, the sentencing entry from which Ms. Marcum appeals does note that in addition to being convicted of obstructing official business and misuse of 911, the prosecution dismissed her charge of disorderly conduct. Therefore, all the charges brought against her were properly terminated and it is a final appealable order.

## IV. STANDARD OF REVIEW

{¶8} Trial courts have broad discretion in imposing community control sanctions. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, at ¶ 10. R.C. 2929.27 governs the authority of the trial court to impose conditions of community control in misdemeanor cases. R.C. 2929.27(C) provides that when sentencing a defendant for a misdemeanor, other than a minor misdemeanor, the trial court "may impose any other sanction that is intended to discourage the offender or other persons from committing a similar offense if the sanction is reasonably related to the overriding purposes and principles of misdemeanor sentencing." We therefore review the trial court's imposition of community control sanctions under an abuse of

discretion standard. Id. at ¶ 10.  "Nevertheless, a trial court's discretion in imposing

probationary conditions is not limitless." Id. at ¶ 11.

## V. ANALYSIS

{¶9}    In *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469, the Supreme

Court set forth a three-part test by which courts determine whether a trial court has

abused its discretion when presented with a nonconstitutional challenge to the

conditions of community control. [1] See also *Talty*, supra, at ¶ 12.

{¶10}  "*Jones* stands for the proposition that probation conditions must be

reasonably related to the statutory ends of probation and must not be overbroad." Id. at

¶ 16.  The three probationary goals are "rehabilitation, administering justice, and

ensuring good behavior."  Id.  As a result, courts must "consider whether the condition

(1) is reasonably related to rehabilitating the offender, (2) has some relationship to the

crime of which the offender was convicted, and (3) relates to conduct which is criminal

or reasonably related to future criminality and serves the statutory ends of probation."

*Jones,* supra, 49 Ohio St.3d at 53, 550 N.E.2d 469.  Recognizing that "no meaningful

distinction between community control and probation," the court also adopted this three-

part test for reviewing the reasonableness of community control conditions.  *State v.*

*Talty*, supra, at ¶ 16.

{¶11}  Generally, where a no contact order between spouses has been upheld as

a condition of community control, the martial relationship was abusive and the

defendant was convicted of domestic violence, which is distinguishable from the present

case.  See *City of Garfield Heights v. Tvergyak*, Cuyahoga App. No. 84825, 2005-Ohio-

---

[1] Although the wording of the assignments of error appears to raise a constitutional challenge, the argument sections focus upon a nonconstitutional analysis. We do likewise.

2445; *State v. Brillhart* (1998), 129 Ohio App.3d 180, 717 N.E.2d 413; *State v. Conkle* (1998), 129 Ohio App.3d 177, 717 N.E.2d 411. See also *State v. Harford* (Mar. 6, 2001), Richland App. No. 00CA89; *City of University Heights v. Roders* (Aug. 19, 1999), Cuyahoga App. No. 76252.

{¶12} In this case, Ms. Marcum was convicted of misuse of 911 and obstructing official business. She contends that the condition of community control ordering her to have no contact with her husband is invalid because it does not meet the three-part *Jones* test and thus is not reasonably related to the statutory goals of community control. The state concedes that current precedent does not support the imposition of a no contact order between Ms. Marcum and her husband as a condition of her community control. We agree.

{¶13} First, the condition is not reasonably related to rehabilitating Ms. Marcum because it does nothing to ensure that she only uses 911 for legitimate purposes or does not obstruct official business. The record shows that on September 19, 2010, the Hocking County 911 system received three separate phone calls from the same address. These all started at 12:12 a.m. and ended at 8:25 a.m. with the sheriff's office responding to two of the calls. According to the deputy's statement of facts, the first call was apparently placed by a child. In the second call Ms. Marcum described some arguing. And in the third call Ms. Marcum said she was not sure what was going on, but it amounted to nothing.

{¶14} At sentencing, Ms. Marcum admitted that the incident started because of "the lie that [Mr. Marcum] said he took a bunch of pills and so then I actually worked in a nursing home for twenty-three years so I called the sheriff. Then I found them in his

pocket * * *."   The trial court responded, "well, he sounds like he's an extremely disagreeable person and lies to you all the time so I have no idea why you would want to have any contact with him so I'm just simply going to order you to stay away from him."  Accordingly, it does not appear that the trial court imposed the no contact order to rehabilitate Ms. Marcum and thus it does not meet the first prong of the *Jones* test.

{¶15}  The no contact order does, however meet the second prong of the *Jones* test because it bears a relationship to the crimes for which Ms. Marcum was convicted. Because Ms. Marcum stated she called 911 due to her husband's conduct, the no contact order with her husband relates to her convictions.

{¶16}  Finally, contact with her husband is not related to conduct that is criminal or reasonably related to future criminality.  The record in this case does not show that there is a pattern of conduct between Mr. and Ms. Marcum that has led to criminal activity.  Although the parties may have a history of domestic problems that the trial court was aware of, there is nothing in our record to establish that pattern.  In the absence of this evidence, we fail to see how prohibiting contact with her husband is reasonably related to preventing future criminal behavior by Ms. Marcum.  Because the no contact order with her husband prohibits conduct that is not reasonably related to the risk of future criminality or to conduct that is by itself criminal, the community control condition also fails to meet the third prong of the *Jones* test.

{¶17}  Consequently, we sustain Ms. Marcum's sole assignment of error.  The trial court abused its discretion when it imposed a no contact order with her husband as a condition of her community control.  Therefore, we reverse the judgment of the

Hocking County Municipal Court in our case No. 11CA8, and remand it for further proceedings consistent with this opinion.

**JUDGMENT REVERSED AND REMANDED.**

{¶18}  We also dismiss case No. 11CA10, Mr. Marcum's appeal, for lack of a final appealable order.

**APPEAL DISMISSED.**

Kline, J., dissenting as to 11CA10.

{¶19}  I respectfully dissent as to James Marcum's appeal.  Here, I believe that a sentencing entry is final and appealable "[s]o long as the record reveals that all of a defendant's counts have been resolved[.]"  *State v. McClanahan*, 9th Dist. No. 25284, 2010-Ohio-5825, ¶ 7.  And after reviewing the record, I would find that the trial court dismissed the disorderly-conduct charge against James Marcum.  Therefore, I would find that James Marcum's sentencing entry is a final appealable order, and I would review his appeal.

{¶20}  Furthermore, I respectfully disagree with the following proposition of law: "[U]nless the charges that are not the basis of the conviction have been properly terminated by a journal entry, they remain technically unresolved."  I cannot agree because, in many circumstances, dismissed or acquitted charges can be resolved even though they have not been terminated by a journal entry.  For example, I believe that dismissed or acquitted charges can be resolved by (1) a valid not-guilty verdict form, (2) the oral grant of a Crim.R. 29 motion, (3) the state agreeing, on the record, to dismiss a charge with prejudice, or (4) other evidence within the record.

{¶21}  Accordingly, I respectfully dissent as to James Marcum's appeal.  I concur in judgment and opinion as to Patricia Marcum's appeal.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED AND REMANDED in Case No. 11CA8 and that Appellee shall pay the costs.  It is ordered that the APPEAL IS DISMISSED in Case No. 11CA10 and Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.:  Concurs in Judgment and Opinion.
Kline, J.:  Concurs in Judgment and Opinion as to Case No. 11CA8;
            Dissents with Opinion as to Case No. 11CA10.

For the Court

BY: _____
      William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**