[Cite as *State v. Grube*, 2012-Ohio-2180.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA16 |
| | : | |
| vs. | : | **Released: May 4, 2012** |
| | : | |
| KANSAS D. GRUBE, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Katherine A. Szudy, Ohio State Assistant Public Defender, Columbus, Ohio, for Appellant.

C. Jeffrey Adkins, Gallia County Prosecutor, and Eric R. Mulford, Gallia County Assistant Prosecutor, Gallipolis, Ohio, for Appellee.

McFarland, J.:

{¶1} The grand jury indicted Appellant Kansas D. Grube for aggravated murder, murder, and endangering children. A jury convicted Grube of aggravated murder and endangering children, but rendered no verdict on the charge of murder. The trial court sentenced Grube to life in prison without the possibility of parole for aggravated murder and eight years for endangering children. Grube raises four assignments of error, arguing 1) there was insufficient evidence to convict her of aggravated murder; 2) the trial court erred when it did not instruct the jury on lesser included offenses of reckless homicide and/or involuntary manslaughter; 3)

the trial court erred when it failed to merge the counts of aggravated murder and endangering children for sentencing purposes; and, 4) trial counsel provided ineffective assistance of counsel.

{¶2}Having reviewed the record, we find the trial court failed to dispose of the second count charging Grube with murder, resulting in the lack of a final, appealable order for us to review. Accordingly, we dismiss Grube's appeal.

## FACTS

{¶3}The Gallia County grand jury indicted Grube for three counts: Count One, Aggravated murder in violation of R.C. 2903.01(C); Count Two, Murder in violation of R.C. 2903.02(B); and, Count Three, Endangering Children in violation of R.C. 2919.22(B)(1). Grube proceeded to trial on these counts and the court instructed the jury on all three counts. The jury convicted Grube of aggravated murder and endangering children, but returned no decision on the count of murder.

{¶4} The trial court filed the verdict forms and entered a judgment of guilt against Grube on Count One and Count Three, yet failed to address Count Two for murder. The state did not move to dismiss Count Two at any stage of the proceeding.

## LEGAL ANALYSIS

{¶5} "Ohio courts of appeals possess jurisdiction to review the final orders of inferior courts within their district." *Portco, Inc. v. Eye Specialists, Inc.*, 173

Ohio App.3d 108, 2007-Ohio-4403, 877 N.E.2d 709, at ¶ 8, citing Section 3(B)(2), Article IV, Ohio Constitution and R.C. 2501.02.  "In a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order."  *State v. Robinson*, 5th Dist. No. 2007 CA 00349, 2008-Ohio-5885, at ¶ 11-12, citing *State v. Coffman,* 5th Dist. No. 06CAA090062, 2007-Ohio-3765 and *State v. Goodwin,* 9th Dist. No. 23337, 2007-Ohio-2343.  Such an interlocutory order is not subject to appellate review.  *State v. Smith*, 4th Dist. No. 10CA13, 2011-Ohio-1659, at ¶ 5.

{¶6} Here, the jury returned verdicts on Count One and Count Three, but, per the instructions of the trial court, did not return a verdict on Count Two.[1]  The record is devoid of any disposition as to Count Two and so it remains pending.  Thus, the trial court's judgment entries finding Grube guilty of Count One and Count Three and sentencing her to prison are not final, appealable orders.  Accordingly we have no jurisdiction to review Grube's assignments of error and we dismiss the instant appeal.

**APPEAL DISMISSED**.

Harsha, J., Concurring:

{¶7} Based upon concepts of judicial economy, I would like to agree with the dissent.  However, I cannot because of the axiom that a court of record speaks

---

[1] The verdict form for Count 2 provided at the bottom, "Do not complete this Verdict Form if twelve jurors found the Defendant 'Guilty' of Aggravated Murder as charged in Count One.  Continue your deliberations as to Count Three (Verdict Form 3) and the charge of Endangering Children."

through its journal entries, not its oral pronouncements. *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, at ¶12. As the Supreme Court of Ohio noted earlier in *In re Adoptions of Gibson* (1986), 23 Ohio St.3d 170, 492 N.E.2d 146, at fn. 3: "The oral announcement of a judgment or decree binds no one. It is axiomatic that the court speaks from its journal. Any other holding would necessarily produce a chaotic condition(.)", citing *Bittmann v. Bittmann* (1934), 129 Ohio St. 123, 127, 194 N.E. 8.

{¶8} Thus I am forced to agree with the principle opinion that we lack jurisdiction because there is no final appealable order.

Kline, J., Dissenting.

{¶9} I respectfully dissent for the same reason I dissented in *State v. Marcum*, 4th Dist. Nos. 11CA8 & 11CA10, 2012-Ohio-572. Again, I believe that a sentencing entry is final and appealable "[s]o long as the record reveals that all of a defendant's counts have been resolved[.]" *State v. McClanahan*, 9th Dist. No. 25284, 2010-Ohio-5825, ¶ 7.

{¶10} For the following reasons, I believe that the trial court resolved all of the counts against Grube. "[T]he Fifth Amendment forbids * * * cumulative punishment for a greater and lesser included offense." *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *see also State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, ¶ 143. And here, murder under R.C.

2903.02(B) is a lesser-included offense of aggravated murder under R.C.

2903.01(C). *State v. Johnson-Millender*, 5th Dist. No. 2004 CA 00288, 2005-

Ohio-4407, ¶ 16-25. Therefore, I believe that Count 2 was resolved in the

following manner. After the jury returned its verdict on Count 1, the trial court

stated the following: "Having found * * * the defendant guilty of Count 1, Count 2

is inapplicable, or not applicable I should say." Transcript at 728. In other words,

the trial court acknowledged that Grube could not be convicted of Count 2 because

it is a lesser-included offense of Count 1. Based on this acknowledgement, I

would find that all of the counts against Grube have been resolved.

{¶11} Accordingly, I respectfully dissent, and I would address the merits of

Grube's appeal.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE APPEAL DISMISSED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, J.: Concurs in Judgment and Opinion with Opinion.
Kline, J: Dissents with Opinion.

                         For the Court,

                         BY:  _____
                              Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**