[Cite as *State v. Furnier*, 2013-Ohio-455.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 12CA3474 |
| | : | |
| vs. | : | |
| | : | |
| DANIEL R. FURNIER, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |
| | : | **Released: 02/06/13** |

_____
APPEARANCES:

Bryan Scott Hicks, Lebanon, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecutor and Matthew A. Wisecup, Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.
_____

McFarland, P.J.

{¶1} Daniel Furnier appeals from the judgment entry of the Scioto County Court of Common Pleas sentencing him to a total term of imprisonment of twelve years for one count of robbery of a bank, three counts of theft, one count of theft by deception, one count of receiving stolen property, and one count of breaking and entering. Appellant contends the trial court erred by not imposing a lesser sentence of ten years. However, having reviewed the record, we find the trial court failed to dispose of additional charges that were pending in Appellant's various cases, resulting

in the lack of a final, appealable order for us to review.  Accordingly, we dismiss Furnier's appeal.

## FACTS

{¶2}  On June 7, 2011, Appellant Daniel Furnier was indicted by the Scioto County Grand Jury for six multi-count indictments involving theft, breaking and entering, burglary, robbery, vandalism, and receiving stolen property which occurred to local businesses and individuals between July 2010 and April 2011. On February 2, 2012, after approximately seven months of trial court proceedings, Appellant concluded plea negotiations and entered guilty pleas to the following cases:

> Case No. 11-CR-408, Count 1-F2 robbery, a violation of R.C. 2911.02(A)(2)/(B);
>
> Case No. 11-CR-477, Count 1- F5 theft, a violation of R.C. 2913.02(A)(3)/(B)(2); R.C. 2913.71(A);
>
> Case No. 11-CR-478, Count 4- F4 receiving stolen property, a violation of R.C. 2913.51(A)/(C);
>
> Case No. 11-CR-478, Count 5- F5 theft by deception, a violation of R.C. 2913.02(A)(3)/(B)(2);
>
> Case No. 11-CR-479, Count 2-F4 theft, a violation of R.C. 2913.02(A)(1)/(B)(2);
>
> Case No. 11-CR-484, Count 2- F4 theft, a violation of R.C. 2913.02(A)(1)/(B)(2);
>
> Case No. 11-CR-485, Count 1- F5 breaking and entering, a violation of R.C. 2911.13(A)/(C).

{¶3} Appellant was rescheduled for sentencing on March 7, 2012. A plea agreement between Appellant and the State provided for a sentence of twelve years total for the above charges. However, the State agreed to a possible recommendation of an aggregate sentence of ten years, contingent upon Appellant's full cooperation in recovery some of the property stolen or providing information which would lead to the recovery of the property. Among other items stolen or vandalized, and cash, a significant amount of jewelry was taken from a local jewelry store. Between the date of the plea hearing and the sentencing hearing, Appellant had approximately 30 days to perform his part of the plea agreement.

{¶4} When Appellant returned for sentencing, the State contended Appellant had breached the plea agreement by failing to recover some of the jewelry or other stolen items or by providing information that would lead to the recovery of the stolen property. Appellant argued that he had been in custody awaiting sentencing and no one from the Scioto County Sheriff's Office or the prosecutor's office had contacted him to obtain any additional information. The State recommended the aggregate twelve-year sentence which the court imposed. Appellant was also sentenced to make restitution to all the victims in a total amount of $36, 570.69, and court costs. Furnier

now appeals from the trial court's judgment, arguing the trial court erred in its imposition of the sentence.

## B. LEGAL ANALYSIS

{¶5} In *State v. Grube,* 4th Dist. No. 10CA16, 2012-Ohio-2180, 2012 WL 1700455, ¶ 5, we recently reiterated the well-settled principles that "Ohio court of appeals possess jurisdiction to review the final orders of inferior courts within their district." *Portco Inc. v. Eye Specialists, Inc.,* 173 Ohio App. 3d 108, 2007-Ohio-4403, 877 N.E.2d 709, at ¶ 8, citing Section 3(B)(2), Article IV, Ohio Constitution and R.C. 2501.02. Furthermore, "[i]n a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order." *Grube,* supra, quoting *State v. Robinson,* 5th Dist. No. 2007-CA 00349, 2008-Ohio-5885, at ¶ 11, citing *State v. Coffman,* 5th Dist. No. 06CAA090062, 2007-Ohio-3765 and *State v. Goodwin*, 9th Dist. No. 23337, 2007-Ohio-2343. Such an interlocutory order is not subject to appellate review. *Grube,* supra; *State v. Smith,* 4th Dist. No. 10CA13, 2011-Ohio-1659, at ¶ 5.

{¶ 7} Here, Appellant entered guilty pleas to various charges contained in the multi-count indictments pending against him, as set forth above. However, in each of the case numbers, these charges remained:

| 11-CR-408 | Count 2- Theft and Count 3-Receiving Stolen Property; |
|-----------|-------------------------------------------------------|
| 11-CR-477 | Count 2-Theft; |
| 11-CR-478 | Count 1- Burglary, Count 2- Theft, and Count 3- Vandalism; |
| 11-CR-479 | Count 1- Breaking and Entering, Count 3-Vandalism, Count 4 -Receiving Stolen Property; |
| 11-CR-484 | Count 1- Breaking and Entering, Count 3- Vandalism, Count 4- Possession of Criminal Tools, and Count- 5 Receiving Stolen Property; and, |
| 11-CR-485 | Count 2-Vandalism. |

{¶ 8} A court speaks through its journal entries. *State v. Carr,* 4th Dist. No. 12CA3312, 2012-Ohio-5151, 2012 WL 5398063, at ¶ 5, citing *State v. Marcum,* 4th Dist. Nos. 11CA8 & 11, CA10, 2012-Ohio-572, 2012 WL 474059, at ¶ 6. The record is devoid as to any disposition of the host of remaining counts for which Appellant was indicted and so they remain technically unresolved. Thus, the trial court's judgment entry of March 7, 2012, finding Appellant guilty and sentencing him to a prison term is not a final appealable order. Accordingly, we have no jurisdiction to review Furnier's assignment of error and we must dismiss his appeal.

**APPEAL DISMISSED.**

Kline, J., concurring.

{¶ 9} I concur in judgment and opinion. Nevertheless, I write separately to reiterate my view that a sentencing entry is final and appealable "[s]o long as the record reveals that all of a defendant's counts have been resolved * * *." *State v. McClanahan*, 9th Dist. No. 25284, 2010-Ohio-5825, ¶ 7. *See also State v. Marcum*, 4th Dist. Nos. 11 CA8 & 11 CA10, 2012-Ohio-572, ¶ 19-21 (Kline, J., dissenting); *State v. Grube*, 4th Dist. No. 10CA16, 2012-Ohio-2180, ¶ 9-11 (Kline, J., dissenting); *State v. Carr*, 4th Dist. No. 12CA3312, 2012-Ohio-5151, ¶ 6-7 (Kline, J., dissenting).

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion with Opinion.


                         For the Court,

               BY: _____
                         Matthew W. McFarland
                         Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**