[Cite as *State v. Brewer*, 2013-Ohio-5118.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

STATE OF OHIO,                                   :          Case No. 12CA9
                                                 :
    Plaintiff-Appellee,                          :
                                                 :          DECISION AND
    v.                                           :          JUDGMENT ENTRY
                                                 :
CARL BREWER,                                     :
                                                 :          **RELEASED: 11/15/13**
    Defendant-Appellant.                         :
_____
APPEARANCES:

Michael R. Huff, Athens, Ohio, for appellant.

Colleen S. Williams, Meigs County Prosecuting Attorney, and Amanda Bizub-Franzmann, Meigs County Assistant Prosecuting Attorney, Pomeroy, Ohio, for appellee.
_____
Harsha, J.

{¶1}   Carl Brewer pleaded guilty to one count of burglary and now appeals his

sentence, which imposed seven years in prison and $1000 in restitution.  However,

because there are no journal entries that resolve all the charges filed against him, there

is no final, appealable order. Consequently, we lack jurisdiction to consider his appeal

and must dismiss it.

I. FACTS

{¶2}   After the grand jury indicted Brewer with two counts of burglary in violation

of R.C. 2911.12(A)(2), he entered into an agreement to plead guilty to the second count

of burglary in exchange for dismissal of count one.  The parties agreed that the state

would recommend a prison term not to exceed four years and Brewer would argue for

community control.[1]  The court accepted Brewer's guilty plea and continued the matter

for sentencing.

{¶3}   At the sentencing hearing, the court rejected the state's recommendation

and sentenced Brewer to seven years in prison and ordered him to pay $1000 in

restitution to the victim.  Brewer now appeals his sentence.

## II. ASSIGNMENTS OF ERROR

{¶4}   Brewer raises three assignments of error for our review:

1. "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF
COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH
AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES
AND ART. I, SECTION 10 OF THE OHIO CONSTITUTION."

2. "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT
SENTENCED APPELLANT TO SERVE A NEAR MAXIMUM SENTENCE
(7 YEARS OUT OF A POSSIBLE MAXIMUM 8 YEAR SENTENCE)."

3. "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED
ITS DISCRETION WHEN IT SENTENCED APPELLANT TO PAY
RESTITUTION OF $1,000 TO THE VICTIM WITHOUT FIRST INQUIRING
OF THE APPELLANT'S ABILITY TO PAY AS REQUIRED BY ORC
2929.19(B)(6)."

## III. LAW AND ANALYSIS

"No Final, Appealable Order"

{¶5}   Initially, we must consider our jurisdiction to hear Brewer's appeal.  The

Ohio Constitution limits an appellate court's jurisdiction to the review of "final orders" of

lower courts.  Ohio Constitution, Article IV, Section 3(B)(2).  Accordingly, we "must sua

sponte dismiss an appeal that is not from a final appealable order."  *State v. Marcum*,

4th Dist. Hocking Nos. 11CA8, 11CA10, 2012-Ohio-572, ¶ 6.

---

[1] The written plea agreement that was filed as part of the record states that the state agreed to "recommend a prison term not to exceed 4 yrs, 11 mos. * * *."  However, at the sentencing hearing the state actually recommended a prison term of not more than four years.  Both parties on appeal accept that this was their plea agreement and thus, we will do likewise.

{¶6}    To constitute a final, appealable order under R.C. 2505.02, a judgment of conviction and sentence must satisfy the substantive provisions of Crim.R. 32(C) and include: 1) the fact of conviction; 2) the sentence; 3) the judge's signature; and 4) the time stamp indicating the entry upon the journal by the clerk. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.  "The Supreme Court of Ohio has also determined that when a criminal case against a defendant initially consists of more than one charge, it is not necessary that the judgment of conviction includes the dispositions of charges that were terminated and do not form the basis of the conviction." *Marcum* at ¶ 6, citing *State ex rel. Rose v. McGinty*, 128 Ohio St.3d 371, 2011-Ohio-761, 944 N.E.2d 672, ¶ 3.  However, "unless the charges that are not the basis of the conviction have been properly terminated by a journal entry, they remain technically unresolved.  This 'hanging charge' prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e. resolve the case." *Marcum* at ¶ 6.

{¶7}    Here, the October 26, 2012 sentencing entry from which Brewer appeals contains the four requirements identified in *Lester*: it states he entered a "a plea of guilty to one count of Burglary, a felony of the 2nd degree in violation of Ohio Revised Code Section 2911.12(A)(2)," his sentence, the judge's signature and time stamp by the clerk of courts.   However, the sentencing entry contains no reference to the other charge of burglary that the state agreed to dismiss as part of the plea agreement.

{¶8}    The August 27, 2012 "Guilty Plea & Finding of Guilty" entry states that Brewer entered "a plea of guilty to the following offenses: CT, 2 Burglary" in violation of R.C. 2911.12(A)(2), which the court accepted.  The only reference to count one is in the

written plea agreement as part of the same entry, which states "No promises have been made except as part of this plea agreement stated entirely as follows: State to dismiss CT. 1+ recommend a prison term not to exceed 4 yrs, 11 mos.; Defendant to argue com control with Monday/CBCF." Because there is no other journal entry in the record that disposes of the remaining charge of burglary, it is technically still pending. Thus, the trial court's October 26, 2012 sentencing entry is not a final, appealable order. *See State v. Furnier*, 4th Dist. Scioto No. 12CA3474, 2013-Ohio-455, ¶ 7. If a separate journal entry indicated that the prosecution had actually dismissed Brewer's remaining burglary charge, the sentencing entry in his case would be a final, appealable order. *See Marcum* at ¶ 6. Although the court stated at the sentencing hearing: "On a previous date, Mr. Brewer did in fact enter a plea of guilty to one count of burglary, a felony of the second degree. All other charges herein were dismissed," this is not reflected in the sentencing entry or any other journal entry. And because "[a] court speaks through its journal entry and not its oral pronouncements," this statement cannot be viewed as disposing of that charge in a manner that complies with R.C. 2505.02 and Crim.R. 32(C). *Id.* Accordingly as the record now stands, we lack jurisdiction to address Brewer's appeal and must dismiss it.

APPEAL DISMISSED.

## JUDGMENT ENTRY

It is ordered that the APPEAL IS DISMISSED.  Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**