[Cite as *State v. Garland*, 2021-Ohio-1805.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 20CA3923 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| Anthony Garland, | : | |
| Defendant-Appellant. | : | **RELEASED 5/26/2021** |

<u>APPEARANCES</u>:

Anthony G. Garland, Chillicothe, Ohio pro se appellant.

Shane A. Tieman, Scioto County Prosecutor and Jay S. Willis, Scioto County Assistant Prosecutor, Portsmouth, Ohio, for appellee.

Hess, J.

{¶1}   Anthony Garland appeals the trial court's denial of his motion for judicial release. Garland contends that he has chronic health conditions, including Chronic Obstructive Pulmonary Disease ("COPD"), which he alleges places him at high risk of death during the COVID-19 pandemic. He argues that the trial court abused its discretion when it failed to grant him judicial release and that he is entitled to "compassionate release" under federal law. However, we dismiss this appeal because a trial court's denial of a motion for judicial release is not a final appealable order. All pending motions are denied as moot.

I. PROCEDURAL HISTORY

{¶2}   The Scioto County grand jury indicted Garland on one count of trafficking in heroin in violation of R.C. 2925.03(A)(2)(C)(6)(g), a first-degree felony; one count of possession of heroin in violation of R.C. 2925.11(A)(C)(6)(f), a first-degree felony; and

one count of tampering with evidence in violation of R.C. 2921.12(A)(1)(B), a third-degree felony. Garland entered into a plea agreement and recommended sentence by which he pleaded guilty to trafficking in heroin and was sentenced to an indefinite prison term of five years minimum and seven and one-half years maximum. The five-year sentence is mandatory. The trial court dismissed the remaining counts. Garland did not appeal his conviction.

**{¶3}** In April 2020, Garland filed a motion for judicial release, which the trial court denied. He filed a second motion for judicial release in June 2020, which the trial court also denied. Garland appealed the trial court's denial of his second motion for judicial release.

**{¶4}** The state responded and argued that Garland's appeal should be dismissed because a denial of a motion for judicial release is not a final, appealable order. In response to the state's argument, Garland filed a "Motion to Admit a Proper Judicial Release" in which he states, "I am admitting my Judicial Release that has already been to the courts, whereas the prosecutor has directed on another path of litigation, and this consist [sic] of * * * Compassionate Release * * *." We interpret Garland's motion as an attempt to argue that he has exhausted his remedies for purposes of the federal compassionate release provisions.[1] *See Miller v. United States*, 453 F.Supp.3d 1062, 1065 (E.D.Mich 2020) ("Miller has properly exhausted all of his administrative remedies. The record shows that Miller sought compassionate release due to his medical conditions in the fall of 2018 and his request was denied.").

---

[1] Garland refers to the federal compassionate release provisions, 18 U.S.C. 3582, and the *Miller* case repeatedly in his filings.

## II. ASSIGNMENTS OF ERROR

{¶5}   Garland assigns the following errors[2] for our review:

1.      The court abused its discretion by not upholding the CDC mandate of this virus, which is a worldwide pandemic, which the courts have stated that all lung diseases are greatly of death or serious injuring [sic] during this pandemic. COPD is a critical disease and the outcome could result in death, by not granting this Judicial Release for immediate release under this worldwide virus, this violated the defendant's 5th, 6th, and 14th Amendment to the United States Constitution, and Art. I, Section 10 of the Ohio Constitution, Art. I, Section I, states that all citizens have the right to protect life, liberty, and property.

2.      The state court abused its discretion by not honoring the CDC requirements to have Judicial Release upheld because of health issues this violated due process of the law 5th & 14th Amendments to the United States Constitution the virus is a National Emergency, this also violated Ohio Constitution Art I, Section 10, this defendant must be granted under Compassionate Release through Judicial Release. The 8th Amendment to the U.S. Constitution violated cruel and unusual punishment.

## III. LEGAL ANALYSIS

{¶6}   Before we review the merits of Garland's assignments of error, we must determine whether we have jurisdiction to do so. The Ohio Constitution limits an appellate court's jurisdiction to the review of "final orders" of lower courts. Ohio Constitution, Article IV, Section 3(B)(2). In accordance with this constitutional directive, we " 'dismiss an appeal that is not from a final appealable order.' " *State v. Brewer,* 4th Dist. Meigs No. 12CA9, 2013-Ohio-5118, ¶ 5, quoting *State v. Marcum,* 4th Dist. Hocking Nos. 11CA8 and 11CA10, 2012-Ohio-572, ¶ 6. The state argues that the order appealed – a denial of a request for judicial release – is not a final, appealable order and we do not have jurisdiction to proceed. We agree.

---

[2] Typographical and spelling errors have been corrected to avoid the repeated interruption of "[sic]," but phrases and sentence structures have not been altered.

**{¶7}** This court and other Ohio appellate courts have held that the denial of a motion for judicial release is not a final, appealable order. *See Bradley v. Hooks,* 4th Dist. Ross No. 16CA3576, 2017-Ohio-4105, ¶ 3; *State v. Cruz*, 8th Dist. Cuyahoga No. 109770, 2021-Ohio-947, ¶ 6 (citing cases from the 1st, 2nd, 9th, 10th and 11th appellate districts); *State v. Watkins*, 162 N.E.3d 141, 2020-Ohio-5203, ¶ 25 (10th Dist.) ("A denial of a motion for judicial release is not a final, appealable order."); *but see State v. Francis*, 4th Dist. Meigs No. 10CA2, 2011-Ohio-4497, ¶ 14 (appellate review available if state breached an agreement concerning judicial release, citing *State ex rel. Rowe v. McCown*, 108 Ohio St.3d 183, 2006–Ohio–548, ¶ 5); *contra State v. Williams,* 10th Dist. Franklin No. 07AP-1035, 2008-Ohio-1906, ¶ 10 ("appellant may not avoid this jurisdictional barrier by arguing that the trial court 'broke its agreement' to grant a motion for judicial release * * *.").

> In *State v. Coffman,* 91 Ohio St.3d 125, 742 N.E .2d 644 (2001), syllabus, the Supreme Court of Ohio held that "[a] trial court's order denying shock probation pursuant to former R.C. 2947.061(B) is not a final appealable order." The court premised its holding on the fact that although the decision arises in a special proceeding, no substantial right of the defendant is impacted even if there is a constitutional or statutory violation. *Id.* at 127–129. Judicial release replaced shock probation effective July 1996, and consistent with *Coffman*, courts have generally held that a trial court's order denying judicial release pursuant to R.C. 2929.20 is not a final appealable order. *See generally State v. Hague*, 11th Dist. Ashtabula No.2015–A–0030, 2015–Ohio–3645, ¶ 3, and cases cited therein.

*State v. Dowler*, 4th Dist. Athens No. 15CA7, 2015-Ohio-5027, ¶ 15. Garland does not allege that the state breached an agreement concerning judicial release and nothing in the record supports such a finding, thus that exception does not apply. *See Dowler* at ¶ 17.

**{¶8}**   Because we lack jurisdiction over his appeal, we deny as moot his pending Motion to Admit a Proper Judicial Release. Although we do not reach the merits of Garland's motion, we note that the compassionate release provisions and the federal cases he cites apply to offenders who have committed *federal* crimes, have been sentenced in *federal* court, and are serving time in *federal* prisons. They are not applicable to Garland's *state* criminal proceedings*. See United States v. Jones,* 980 F.3d 1098 (6th Cir.2020) (discussing the history of the compassionate release provisions of 18 U.S.C. 3582 and the current landscape under COVID-19); *see also* R.C. 2929.20(N) (authorizing common pleas courts to release an offender from confinement after considering the risk to public safety, *even an offender serving a mandatory prison term*, "when the director of rehabilitation and correction certifies to the sentencing court through the chief medical officer for the department of rehabilitation and correction that the offender is in imminent danger of death, is medically incapacitated, or is suffering from a terminal illness").[3] *See Watkins* at ¶ 18-19, fn. 3 (comparing Ohio's R.C. 2929.20(N) with the federal compassionate release provisions).

## IV. CONCLUSION

**{¶9}**   We lack jurisdiction to address the merits of this appeal and dismiss it. The pending motion is denied as moot.

MOTION DENIED AS MOOT. APPEAL DISMISSED.

---

[3] There is no evidence in the record that Garland requested a certification by the chief medical officer or submitted one to the trial court to support his motion for judicial release.

## JUDGMENT ENTRY

It is ordered that the MOTION IS DENIED AS MOOT and APPEAL IS DISMISSED. Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**