[Cite as *State v. Perrill*, 2026-Ohio-218.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 24CA18 & 19 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>DISMISSING THE APPEAL</u> |
| MARINDA PERRILL, | : | |
| | : | |
| Defendant-Appellant. | : | **RELEASED: 01/16/2026** |

<u>APPEARANCES:</u>

Keith A. Yeazel, Columbus, Ohio, for Appellant.

Jamie Hartley Fountain, Pickaway County Prosecuting Attorney, and Heather MJ Carter Pickaway County Assistant Prosecuting Attorney, Circleville, Ohio, for Appellee.

Wilkin, J.

{¶1} This is an appeal of a Pickaway County Court of Common Pleas judgment entry in which Marinda Perrill ("Perrill") was convicted of four criminal counts, including three counts of trafficking in cocaine and one count of possession of cocaine. On appeal Perrill asserts two assignments of error. In her first assignment of error, Perrill claims that the trial court erred in overruling her motion to suppress. In her second assignment of error, Perrill asserts that the trial court erred in finding venue for counts one, two, and three of the indictment was proper in Pickaway County, Ohio.

{¶2} The State charged Perrill with *five* criminal counts. However, the trial court's judgment addressed only four of the five criminal counts, and there is no indication in the record that the remaining count for trafficking in cocaine was

ever dismissed or was otherwise resolved.  Therefore, we find that the trial court's judgment was not a final appealable order.  Accordingly, we dismiss Perrill's appeal for lack of jurisdiction.

BACKGROUND

{¶3} On December 1, 2022, the State charged Perrill with the following: Counts 1 and 2, trafficking in cocaine, in violation of R.C. 2925.03(A)(1)/(C)(4)(a), both felonies of the fifth degree; Count 3, trafficking in cocaine, in violation of R.C. 2925.03(A)(1)/(C)(4)(c), a felony of the fourth degree; Court 4, trafficking in cocaine, in violation of R.C. 2925.03(A)(2)/(C)(4)(e), a felony of the second degree; and Count 5, possession of cocaine, in violation of R.C. 2925.11(A)/(C)(4)(d), a felony of the second degree.

{¶4} On March 6, 2023, Perrill filed a motion to suppress evidence that was obtained as a result of a traffic stop.  Perrill alleged that she was a target of an investigation started in October of 2021 and conducted by the South Central Ohio Major Crimes Unit and the Grove City Police Department.  Her motion claimed that on May 4, 2022, officers from several agencies discussed their plan to surveille Perrill, as well as search her home and workplace.  Perrill claimed that as she left home for work, she was followed by two undercover agents, Detective Deskins and Special Agent Swope.  Perrill claimed that Detective Deskins observed her roll through a stop sign.  She maintained that he relayed that information to Special Agent Swope, who then informed Sergeant Kyle Eveland of the Pickaway County Sheriff's Office, who effected a traffic stop of

Perrill.  Perrill claimed that Sergeant Eveland had also been wrongly advised that there were outstanding felony charges for her arrest.

{¶5} After being stopped, Perrill claimed that Sergeant Eveland ordered her out of the vehicle, handcuffed her, and read her *Miranda* rights.  Perrill claimed Sergent Eveland then deployed his canine that indicated there were drugs in her car.  She claimed that during a search of her vehicle, officers discovered what they believed to be illegal drugs, which later tested positive for cocaine.

{¶6} Perrill alleged that Sergeant Eveland lacked reasonable articulable suspicion of any offense to support the May 4, 2022 traffic stop of her vehicle.

{¶7} Perrill also argued that the traffic stop was unconstitutionally expanded beyond the time needed to effectuate the stop.  She claimed that Sergeant Eveland made no attempt to effectuate the purpose of the stop.  He immediately removed her from the vehicle, handcuffed her, and read her *Miranda* rights.  Perrill claimed that she was arrested.  Perrill asserted that the scope of the stop was expanded beyond the purpose of the traffic stop (rolling through the stop sign) without reasonable suspicion that any criminal offense had been committed.

{¶8} Perrill also argued that the search of her cell phone, and Facebook account violated her Fourth Amendment rights to be protected from unreasonable searches and seizures.

{¶9} On April 24, 2023, the State filed a memorandum contra Perrill's motion to suppress.  The State maintained that the stop was constitutional.  The

State argued that a law enforcement officer may rely upon another law enforcement officer's observation of a traffic violation so as to permit the former to execute a traffic stop under the "collective knowledge doctrine."

{¶10} The State further maintained that the traffic stop was not unconstitutionally extended beyond the time required to effectuate the stop. The State claimed that from the start of the traffic stop to the canine's "free air sniff" of Perrill's vehicle was "extremely short."

{¶11} Finally, the State asserted that the search of Perrill's cell phone and Facebook account was also constitutional.

{¶12} On April 26, 2023, the trial court held a suppression hearing. The State presented three witnesses: Sergent Eveland, Detective Deskins, and Special Agent Swope. After hearing the testimony, the court asked the parties for supplemental briefs on the issues of: (1) was the traffic stop lawful, and (2) was the subsequent detention of Perrill lawful. Consequently, both parties filed post-hearing briefs.

{¶13} On May 12, 2023, the trial court issued a decision that denied Perrill's motion to suppress the drugs recovered during the traffic stop. The court determined that Sergent Eveland's reliance on another officer's observation of Perrill's failure to stop at a stop sign was justified under the collective knowledge doctrine. The court also found that this observation was sufficient to establish reasonable suspicion of a traffic violation.

{¶14} The court acknowledged that Sergeant Eveland should not have immediately arrested Perrill, because, contrary to what he was told, Perrill had no

outstanding warrants for her arrest.  However, the Court found that the length of the traffic stop was reasonable, including the use of Sergeant Eveland's drug-detecting canine.  The canine's alert led to the search of Perrill's vehicle, resulting in the discovery of drugs and her subsequent arrest.  Therefore, the court found that the premature arrest of Perrill was harmless error.  Accordingly, the court found the traffic stop and subsequent discovery of illegal drugs was reasonable under the Fourth Amendment.

{¶15} However, the court found the warrant to search Perrill's cell phone, and her Facebook account was unconstitutional.

{¶16} Therefore, the trial court denied in part and granted in part, Perrill's motion to suppress.

{¶17} On August 24, 2023, pursuant to an oral request by the prosecution, the court dismissed the case against Perrill without prejudice (case no. 2022-CR-236).

{¶18} However, on November 2, 2023, the State reindicted Perrill in case no. 2023-CR-194, which contained the same five criminal counts that it charged her with in case no. 2022-CR-236.

{¶19} On February 7, 2024, the court issued an order stating that:

> By agreement of the parties, the court hereby finds that [case no. 2023-CR-194] is a reindictment following the dismissal of case number 2022-CR-236.  Therefore, it is ordered that all the filings and findings of this Court in case 2022-CR-236 apply to the case herein.  This includes the motion to suppress, memorandum contra motion to dismiss, and the finding by this Court regarding Defendant's motion to suppress.

**{¶20}** On May 15, 2024, Perrill pleaded no contest to counts 1, 2, 3, and 5 in the indictment.  The court found Perrill guilty of counts 1, 2, 3, and 5, and ordered a presentence report.

**{¶21}** On June 27, 2024, the court sentenced Perrill to 12 months in prison for Counts 1 and 2, 18 months for Count 3, and a mandatory 4 to 6 years on Count 5.  Counts 1 and 2 were to run concurrently with each other but consecutively to the other counts.  Counts 3 and 5 were to run consecutively, resulting in a total prison term ranging from 4 years and 30 months to 6 years and 30 months, with 4 years being mandatory.

**{¶22}** Perrill filed a notice of appeal on July 25, 2024, in case no. 2022-CR-236, and on June 27, 2024, for case no. 2023-CR-194.

**{¶23}** This court issued an order asking Perrill to brief why her appeal of the May 12, 2023 was not untimely.  Perrill cited the February 7, 2024 agreed entry, which stated that case no. 2023-CR-194 was a reindictment of the charges from case no. 2022-CR-236 after its dismissal.  She argued that the trial court's May 12, 2023 decision, which partially denied her March 6, 2023 motion to suppress in case no. 2022-Ohio-236, was not final.  Perrill claimed that this decision was incorporated into the final judgment issued on June 27, 2024 in case no. 2023-CR-194.  Thus, she contends that her appeal is from case no. 2023-CR-194, which was timely filed.  We agreed with Perrill's analysis and permitted her appeal to proceed.

PERRILL'S APPEAL

**{¶24}** On appeal Perrill asserts two assignments of error.  First, she claims the trial court erred in overruling her motion to suppress.  Second, she asserts the trial court erred in finding that venue for counts one, two, and three of the indictment was proper in Pickaway County, Ohio.  As we stated infra, before we consider the merits of Perrill's appeal, we must determine if we have jurisdiction to do so.

**{¶25}** "Courts of appeals have jurisdiction to 'affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district.' " *State v. Harris*, 2025-Ohio-4927, ¶13 (4th Dist.), quoting Section 3(B)(2), Article IV, Ohio Constitution.  " 'As a result "[i]t is well-established that an order [or judgment] must be *final* before it can be reviewed by an appellate court.  If an order [or judgment] is not final, then an appellate court has no jurisdiction." ' " (Brackets original; Emphasis added.) *Id*., quoting *Gehm v. Timberline Post & Frame*, 2007-Ohio-607, ¶ 14, quoting *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

**{¶26}** " 'This court consistently has stated that a trial court's judgment of conviction is not final and appealable if any counts of the indictment remain unresolved.' " *Id*. at ¶ 17, quoting *State v. McKinney*, 2023-Ohio-1587, ¶ 11 (4th Dist.).  Consequently, "[b]efore the judgment of conviction may become final and appealable . . . the record must reflect that all counts of the indictment actually were resolved in some manner." *Id*. at ¶18, citing *State v. Craig*, 2020-Ohio-455, ¶ 21 ("a conviction on one count of a multicount indictment is not a final, appealable order when other counts remain pending ...").  A failure to properly

terminate these so-called " 'hanging charge[s]' prevents the conviction from being a final order under R.C. 2505.02(B) because it does not determine the action, i.e., resolve the case.' " *State v. Marcum,* 2012-Ohio-572, ¶ 6 (4th Dist.), citing Painter and Pollis, *Ohio Appellate Practice* (2011–2012 Ed.).

**{¶27}** In the November 2, 2023 indictment, the State charged Perrill with *five* criminal counts, including four for trafficking in cocaine and one for possession of cocaine. However, Perrill's petition to plead no contest, the trial court's entry accepting Perrill's no-contest plea, and the sentencing entry all indicate that she pleaded no contest to *four* criminal counts, including three counts of trafficking in cocaine and one count of possession of cocaine. Despite a thorough review of the record, we cannot find any indication that the fourth count of trafficking in cocaine was dismissed, nollied, or otherwise resolved. Therefore, despite Perrill's no-contest plea, one count (count 4) trafficking in cocaine remains pending. As a result, because there is an unresolved trafficking charge, there is no final appeal order for Perrill to appeal.

## CONCLUSION

**{¶28}** Because Perrill's no contest plea is not a final appealable order, we dismiss her appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**